## McGREW et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 19, 1922.)

No. 3840.

1. Searches and seizures ☞7—Unlawful seizure by state officer does not violate the Fourth Amendment.

Const. Amend. 4, was intended as a restraint upon the federal government and its agencies, and not directed to the conduct of state officers, so that an illegal arrest and seizure by a state sheriff was not an invasion of the security afforded by that amendment.

2. Criminal law ☞393(2)—Searches and seizures ☞7—Delivery of liquor by sheriff to prohibition officer, instead of return to defendant, is not an "illegal search and seizure," and liquor was admissible in evidence.

The fact that a sheriff, who had seized liquor without a search warrant, turned the liquor over to the Prohibition Agent, instead of returning it to the defendants, as required by order of the state court, does not amount to an illegal search and seizure by the Prohibition Officer, nor compel the defendant to give testimony against himself, contrary to Const. U. S. Amend. 5, and such liquor could therefore be introduced in evidence against the defendants, if otherwise competent.

3. Criminal law ☞687(1)—Trial court could reopen case, to permit reintroduction of liquor in evidence.

After both parties had rested, and defendants had moved for a directed verdict in their favor, on the ground that the liquor in question had not been introduced in evidence, it was within the discretion of the trial court to permit the government to reopen the case for additional testimony.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Criminal law ⟨⟩1032(4)—Objection information was signed by assistant district attorney cannot be first made in appellate court.**

The objection that the information was insufficient, because signed by the assistant district attorney, which was not made in the court below, cannot be urged for the first time on writ of error.

In Error to the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Murray L. McGrew and another were convicted of violating the National Prohibition Act, and they bring error. Affirmed.

J. A. Kavaney, of Ft. Benton, Mont., for plaintiffs in error.

John L. Slattery, U. S. Atty., and Ronald Higgins and W. H. Meigs, Asst. U. S. Attys., all of Helena, Mont.

Before MORROW and HUNT, Circuit Judges, and BEAN, District Judge.

BEAN, District Judge. The plaintiffs in error were tried and convicted in the District Court of Montana for a violation of the National Prohibition Act (41 Stat. 305), and have appealed.

They were arrested without a warrant on November 10, 1921, by the sheriff of Chouteau county, Mont., and his deputy, while in the act of transporting in an automobile a quantity of intoxicating liquor. The liquor and automobile were taken possession of by the arresting officers. On the same day an information was lodged in the state court, charging them with illegally possessing and transporting intoxicating liquors, whereupon they filed a petition for the return of the property seized by the sheriff and the suppression of the same as evidence, on the ground that it had been illegally seized. On December 12, 1921, the information was dismissed on motion of the county attorney, and the property seized by the sheriff ordered returned to the defendants; but before this was done it was taken possession of by a federal prohibition officer and the defendants rearrested, and that without a warrant.

On December 15, 1921, an information was filed in the District Court by the assistant United States attorney, charging the defendants with illegally possessing and transporting intoxicating liquors, in violation of the National Prohibition Act. They thereupon filed a petition for an order requiring the prohibition enforcement officer to return to them the properties taken by him from the sheriff and suppressing the same as evidence in the cause. This petition was denied, and the defendants tried and convicted.

The evidence on the trial consisted of the testimony of the arresting officers and the liquor seized, or a part thereof. By appropriate motions, objections, and exceptions, the defendants have preserved the question as to the competency and admissibility of such evidence. It is contended that the constitutional rights of the defendants were violated by the seizure of the property and the subsequent taking possession thereof by the federal prohibition officer, in violation of the Fourth and Fifth Amendments to the Constitution of the United States.

The origin and purpose of these amendments have been so thorough-

ly considered by the Supreme Court in numerous cases that it would be superfluous to attempt to add anything to the discussion. Burdeau v. McDowell (decided June 1, 1921) 256 U. S. 465, 41 Sup. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159; Gould v. U. S. (decided Feb. 28, 1921) 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647; Silverthorne Lbr. Co. et al. v. U. S., 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319; Perlman v. U. S., 247 U. S. 7, 38 Sup. Ct. 417, 62 L. Ed. 950; Johnson v. U. S., 228 U. S. 457, 33 Sup. Ct. 572, 57 L. Ed. 919, 47 L. R. A. (N. S.) 263; Weeks v. U. S., 232 U. S. 383, 34 Sup. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177.

[1] As clearly pointed out by the court in the cases referred to, the Fourth Amendment was intended as a restraint upon the federal government and its agencies, and not directed to individual conduct of state officers, and the Fifth Amendment was intended to protect the citizen from compulsory testimony against himself. In the present case no officer of the government had anything to do with the seizure of the property in question, or any knowledge thereof, so far as the record discloses, until after it had been taken from the defendants and was in the possession of the sheriff. Assuming, therefore, but not deciding, that the arrest and seizure by the sheriff was illegal, there was no invasion by a government officer or by its authority of the security afforded by the Fourth Amendment, as whatever was done was the act of the state officers.

[2] The fact that the sheriff did not comply with the order of the state court and return the seized property to the defendants, but delivered it to a prohibition officer, did not amount to an illegal search and seizure by the officer, nor compel the defendant to testify against himself, nor did it deprive the government of the right to use it, if otherwise competent and material, as evidence on the trial. Bordeau v. McDowell, supra; Weeks v. U. S., supra; U. S. v. Falloco (D. C.) 277 Fed. 75; Youngblood v. U. S. (C. C. A.) 266 Fed. 795.

[3] After both parties had rested the defendants moved for a directed verdict in their favor, on the ground that the liquor in question had not been introduced in evidence. The court thereupon permitted the government to reopen the case for additional testimony. This was a matter clearly within the discretion of the trial court, and its ruling is not reversible error.

[4] Objection is made here that the information is insufficient, because preferred and signed by the assistant district attorney, and not the district attorney. No such objection was made in the court below, and it cannot be urged here for the first time.

The judgment therefore is affirmed.