### HIRATA v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 18, 1923. Rehearing Denied August 20, 1923.)

No. 3886.

1. **Criminal law** ⬡⟳395—**Evidence obtained by search by city police officers is competent.**

Where the search which resulted in finding narcotics in possession of accused was conducted by city police officers without participation by federal authorities, the drugs procured by the search are admissible in evidence over the objection that no search warrant had been issued.

2. **Poisons** ⬡⟳9—**Evidence held to sustain conviction for sale of narcotics.**

Evidence that police officer had given marked money to a girl, who went into a hotel, met defendant, and came out very soon with a package of morphine, which she gave to one of the officers, and that some of the marked money was taken from the pocket of the defendant after his arrest, *held* sufficient to sustain a conviction for the sale of narcotics.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

K. Hirata was convicted of unlawfully purchasing narcotics, and of unlawfully selling narcotics, and he brings error. Affirmed.

Walter Metzenbaum, of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and De Wolfe Emory, Sp. Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Hirata seeks reversal of his conviction under two counts of an indictment filed in September, 1921, charging in count 1 that on July 6, 1921, Hirata unlawfully, and not in the original stamped package, or from the original stamped package, purchased morphine and cocaine, and in count 2 that he sold and dealt in narcotics. In November, and after the case was called for trial, and before the jury was impaneled, defendant's counsel moved for a return of the narcotics to be used as evidence and suppression of such evidence, on the ground that no search warrant had been issued at the time of the search of Hirata's premises. The court overruled the motion, on the ground that it was made too late, and the trial proceeded.

There was evidence that certain police officers of the city of Seattle arranged with a Japanese girl addict to approach Hirata and try to purchase narcotics from him. The girl went to a hotel, met Hirata, and came out very soon with a package of morphine, which she gave

to one of the police officers, who was waiting outside for her. A policeman went immediately into the hotel and found Hirata, who admitted that he had sold the narcotic, morphine, to the girl. The police officers took Hirata to another room in the hotel, where, under the boards of the floor, several packages of narcotics were found. Defendant told the police where more narcotics were concealed, and wanted to "fix things up" with the officers. Defendant objected to the introduction of the drugs, upon the ground that no search warrant for the arrest of Hirata had been issued. The court overruled the objection.

[1] Our opinion is that, inasmuch as the drugs were seized by police officers of the city, and there is nothing whatever to show any participation in the search and seizure by federal authorities, the use of the drugs as evidence was competent. In McGrew v. United States, 281 Fed. 809, we held that, even assuming that an arrest of a person and seizure of intoxicating liquor made without search warrant were illegal, there was no invasion by any authority of the United States of the security afforded by the Constitution. Kanellos v. United States (C. C. A.) 282 Fed. 461; Timonen v. United States (C. C. A.) 286 Fed. 935. Defendant's rights have not been prejudiced.

[2] There is no merit in the contention that the evidence was insufficient to sustain count 2, the sale count of the indictment. One of the police officers testified that certain marked money which had been given to the addict before she went to make the purchase was taken from the pocket of the defendant after his arrest.

The judgment is affirmed.