### ROBINSON v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 8, 1923.)

No. 4010.

1. **Criminal law ☞395—Wrongful search and seizure by state officials held not to affect admissibility of seized liquor in federal prosecution.**

A wrongful search and seizure by state officials, under Const. Wash. art. 1, §§ 7, 9, did not affect the admissibility of the liquor and stills

seized, in a prosecution in federal court for violation of the National Prohibition Act, in absence of a showing that federal officials participated in the search and seizure, or that the federal authorities, to whom the state officials turned over the property seized, knew of the wrongful search and seizure, notwithstanding Const. U. S. Amends. 4, 5.

**2. Searches and seizures ⊜⇒7—Fourth Amendment restraint on federal and not state officials.**

Const. U. S. Amend. 4, prohibiting unreasonable search and seizure, is a restraint on the federal government, and is not directed to the individual conduct of state officials.

**3. Criminal law ⊜⇒393(1)—Fifth Amendment protects against compulsory testimony as to offense under prosecution.**

Const. U. S. Amend. 5, merely protects the citizen from compulsory testimony against himself with reference to the offense under prosecution.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

George Robinson was convicted of violating the National Prohibition Act, and he brings error. Affirmed.

Adam Beeler, of Seattle, Wash., for plaintiff in error.

Thomas P. Revelle, U. S. Atty., and De Wolfe Emory, Asst. U. S. Atty., both of Seattle, Wash.

Before HUNT and RUDKIN, Circuit Judges, and BOURQUIN, District Judge.

HUNT, Circuit Judge. Robinson asks reversal of a judgment of conviction of having violated the National Prohibition Act (41 Stat. 305). Prior to the filing of an information in the federal court, officials of King county, Wash., swore to a complaint charging Robinson with violation of the state prohibition law (Laws 1915, p. 2, as amended by Laws 1917, p. 46). Search warrant was issued by a justice of the peace for the state of Washington at Seattle, in King county, Wash. The warrant directed search of certain premises described as being in King county; but the sheriff, exceeding the limits of his jurisdiction, seized two stills and a quantity of liquor and mash upon premises in Snohomish county. At a later time the United States district attorney filed the information under which Robinson was convicted in the United States District Court. Prior to trial in the federal court, Robinson moved to suppress the evidence, which the United States attorney intended to use against him, upon the ground that the search warrant issued by the justice of the peace in King county, Wash., was executed in Snohomish county, and was illegal, as the justice of the peace had no power to issue a warrant for search outside of King county, and because the officers of King county had no power to execute the search warrant outside of King county. The court overruled the motion, and the evidence was used, and thus arose the question whether the defendant's rights were violated.

[1-3] Granting that under the warrant issued by the justice of the peace county authorities had no right to seize liquor and stills situated in Snohomish county, yet there is nothing tending to show that there

---

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was any participation in the search and seizure by officials of the United States, or that the federal authorities knew of the wrongful search and seizure. The fact that property seized was afterwards turned over to the prosecuting officers of the federal government does not affect the admissibility of the evidence. The Fourth Amendment against unreasonable search and seizure is a restraint upon the federal government and its agents, and is not directed to the individual conduct of state officials. The Fifth Amendment was intended to protect the citizen from compulsory testimony against himself, with reference to the offense under prosecution. Burdeau v. McDowell, 256 U. S. 465, 41 Sup. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159; McGrew v. United States (C. C. A.) 281 Fed. 809; Hirata v. United States (C. C. A.) 290 Fed. 197. Any question of possible redress against those who illegally seized the still and liquor is irrelevant in this proceeding.

It is also contended that, in a criminal case tried in the United States courts in the district of Washington, the law of Washington, as it existed at the time of the admission of that state into the Union, should control, and that evidence obtained by an unlawful search and seizure by state officers would not have been admissible in Washington at the time of the admission of that territory into the Union, and is therefore now incompetent in the federal court. We are cited to section 143, Remington's Compiled Statutes of Washington, which provides that the common law, so far as it is not inconsistent with the Constitution and laws of the United States or the state of Washington, nor incompatible with the institutions and conditions of society in Washington, shall be the rule of decision in all of the courts of the state, and to the Constitution of the state of Washington, article 1, sections 7 and 9, which provide (section 7) against invasion of a person's home without authority of law, and (section 9) that no person shall be compelled to be a witness against himself.

But long before the date of the admission of the territory of Washington into the Union the rule was against the position of the plaintiff in error. In Legatt v. Tollervey (decided in 1811) 14 East, 302, in an action for malicious prosecution of the plaintiff by defendant for a felony, Lord Ellenborough held that, while it was the duty of an officer charged with the custody of records of the court not to produce a record unless on competent authority, nevertheless, if, even without authority, the officer has given a copy of a record, or produces the original, such evidence was not inadmissible. In Jordan v. Lewis, H. 13 Geo. II, B. R., where a copy of an instrument was objected to because the judge had refused to grant a copy, the court declined to refuse receiving the paper in evidence, and declined to take notice in what manner such copy was obtained. In Commonwealth v. Dana (1841) 2 Metc. (Mass.) 329, in a criminal prosecution, a copy of a search warrant issued by the police court was offered and objected to on the ground that the same had been issued improvidently and was void in law. Many English cases were reviewed by the court, which said that, admitting that the lottery tickets and materials there seized were illegally taken, still that constituted no legal objection to the admission of them in evidence. The court said:

"If the search warrant were illegal, or if the officer serving the warrant exceeded his authority, the party on whose complaint the warrant issued, or the officer, would be responsible for the wrong done; but this is no good reason for excluding the papers seized as evidence, if they were pertinent to the issues, as they unquestionably were."

More recent authorities hold to a like doctrine. In State v. Griswold, 67 Conn. 290, 34 Atl. 1046, 33 L. R. A. 227, decided in 1896, defendant was charged with arson. After his arrest police officers without warrant went to defendant's office and found an envelope, which contained certain pictures which became material. The envelope and pictures were offered in evidence, and their admission was objcted to on the ground that the seizure was in violation of the constitutional guaranty that people should be secure in their persons, houses, and possessions from unreasonable searches and seizures, and that the production of the papers in evidence was a violation of the constitutional guaranty that an accused person could not be compelled to give evidence against himself. The court said that the act of the police was not sought to be justified by any statute or by any rule of court, and that while the police officers might be liable to pay defendant all the damage they had done him, the question before the court was not affected by such a consequence. The court distinguished Boyd v. United States, 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746, by pointing out that there an act of Congress was held to be unconstitutional, because it required a party to produce his books and papers, and because the entries in the books and papers so produced were to be made evidence against him, whereas, in the case before the court, the paper was no statement, but merely a piece of the defendant's personal property having of itself no voice or meaning, so far as his guilt or innocence was concerned, "no more than if it had been a lump of clay or a block of senseless wood."

In State v. Atkinson, 40 S. C. 363, 18 S. E. 1021, 42 Am. St. Rep. 877, decided in 1894, a piece of paper which became material was picked up at the scene of the homicide with which defendant was charged. Objection interposed was that the piece of paper was found in the room of the defendant, and that, having been taken without a search warrant, there was a violation of the rights of the defendant as secured by the Constitutions of the state and of the United States. The court said the question of a technical trespass might be answered affirmatively, but that it did not follow that the piece of paper could not be offered in evidence, and that Boyd v. United States, supra, was inapplicable. The mere fact that papers and other subjects of evidence had been illegally taken from the possession of the party against whom they are offered, or otherwise unlawfully obtained, constituted no valid objection to their admissibility, provided they were pertinent to the issue, "for the court will not notice whether they were obtained lawfully or unlawfully, nor will it raise an issue to determine that question." Taylor on Evidence (9th Ed.) p. 600.

In Williams v. State, 100 Ga. 511, 28 S. E. 624, 39 L. R. A. 269, in a prosecution for violation of the liquor laws of Georgia the local officers, without a search warrant, saw men come out of defendant's house with a bottle of whisky. Detectives went into the house and

searched it and found liquor. All testimony with regard to the search of the woman and the premises and the seizure of the liquor was objected to, on the ground that the search was illegal, and in violation of the constitutional rights of the defendant. The court held that evidence pertinent to the issues of the case was admissible, notwithstanding it may have been illegally procured by the party producing it. The court cited early English and early American cases, including some hereinbefore referred to. There, too, Boyd v. United States, supra, was relied upon by the accused; but the court distinguished it, and held that in the Boyd Case the order compelled the defendant to produce evidence against himself, and that the order and procedure were tantamount to an unreasonable search and seizure, while in the case then under examination the question of illegality was raised collaterally, and no compulsion whatever was exercised to procure evidence from the defendant. In a very able discussion of the matter Justice Lumpkin said:

"If an official, or a mere petty agent of the state, exceeds or abuses the authority with which he is clothed, he is to be deemed as acting, not for the state, but for himself only, and therefore he alone, and not the state, should be held accountable for his acts."

See, also, Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Hartman v. United States, 168 Fed. 31, 94 C. C. A. 124; Kanellos v. United States (C. C. A.) 282 Fed. 461; Bacon v. United States, 97 Fed. 35, 38 C. C. A. 37; Rowan v. United States (C. C. A.) 281 Fed. 137; Greenleaf on Evidence, § 254 (a); Rex v. Derrington (1826) 2 C. & P. 419; 3 Wigmore on Evidence, § 2182; 5 Jones, Com. on Evidence, § 887).

In Adams v. New York, 192 U. S. 585, 24 Sup. Ct. 372, 48 L. Ed. 575, the court approved of cases declining to extend the doctrine of the Boyd Case to the excluding of testimony which has been obtained wrongfully if it is otherwise competent; the court saying that in the Boyd Case the law held unconstitutional "virtually compelled the defendant to furnish testimony against himself in a suit to forfeit his estate, and ran counter to both the Fourth and Fifth Amendments."

In Gouled v. United States, 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647, and Amos v. United States, 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654, the court held that, where it becomes probable that there has been an "unconstitutional" seizure of papers, the court should sustain an objection to their admission. There, however, the papers were surreptitiously taken from defendant's office by one acting under direction of a department of the Army of the United States. In the immediate case we have no such question.

United States v. Reid, 12 How. 361, 13 L. Ed. 1023, cited by plaintiff in error, decided a question of the competency of a witness, and much that was said in the opinion has been weakened by the later decision of Rosen v. United States, 245 U. S. 467, 38 Sup. Ct. 148, 62 L. Ed. 406, and the cases therein cited.

The judgment is affirmed.