## UNITED STATES v. BROWN.

(District Court, D. Oregon. November 9, 1925.)

No. 10949.

1. **Searches and seizures ⚔️7—Fourth Amendment is restraint on federal government and is not directed to individual conduct of state officers.**

Const. Amend. 4, prohibiting unreasonable searches and seizures, is a restraint on federal government, and is not directed to individual conduct of state officers.

2. **Criminal law ⚔️394—Evidence obtained by state officer by search and seizure admissible in federal court.**

Evidence obtained by a state officer by search and seizure is admissible in federal court, which court will not inquire into legality of action of such officer, unless it appears he was acting under and in pursuance of an agreement with, or at instigation of a government officer, so as to make him substantially a representative of the government.

3. **Criminal law ⚔️394—Evidence obtained by state officers not inadmissible, because property turned over to government officers, or because government officers were present when search was made.**

That property seized by state officers is turned over to prosecution officers of the government, or that federal officers were present at time of search, does not affect admissibility in a federal prosecution of evidence procured through the search.

4. **Criminal law ⚔️394—Evidence obtained by state officer by search and seizure held admissible in federal court.**

In liquor prosecution, evidence obtained by a state officer by search and seizure *held* admissible in federal court, where he was acting on his own initiative in pursuance of a search warrant procured by him, without the knowledge, instigation, or arrangement with federal officers, who did not participate in the search or seizure, or enter the building until after the liquor had been found by the state officer, and who were present to apprehend automobile, which they had been advised would be carrying liquor, before it had made delivery.

H. G. Brown was charged with the unlawful possession of intoxicating liquors. On motion to suppress evidence. Motion overruled.

Miltar E. McGilchrist and Forrest E. Littlefield, Deputy U. S. Attys., both of Portland, Or.

Arthur I. Moulton, of Portland, Or., for defendant.

BEAN, District Judge. The defendant is charged with the unlawful possession of intoxicating liquor in violation of the federal Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). There is no doubt of the truth of the charge, but he says that it cannot be legally proven, because the evidence was obtained by search and seizure in violation of the federal Constitution. By appropriate motions to suppress the evidence made before the trial, objections and exceptions to the introduction of testimony on the trial, and motions to strike out and for a directed verdict of not guilty, he has properly raised that question.

The facts are that on the afternoon or evening of October 27, 1924, the federal prohibition office called up Mr. Chamberlain, a member of the city police force, by telephone, and said that they had received information that a delivery of intoxicating liquors was to be made that evening by an automobile at 971 East Seventy-Eighth street, North Portland, and inquired of Chamberlain whether he knew anything about the place. Chamberlain replied that he did, and that he then had in his possession a search warrant therefor (which search warrant had been procured by himself, based on his own information, and without the knowledge of the prohibition office). The prohibition office said they wanted to apprehend the car. Two police officers in one car, and three prohibition officers in another, thereupon went out to the premises and stationed themselves at various points near thereto. After waiting for some time the police officers observed an automobile being driven into the garage, and a few minutes later the lights were turned on in the house. Fifteen or 20 minutes later, the police officers entered the house, where they found the defendant and, after making a search for it, discovered a large quantity of intoxicating liquor hidden in the attic. After the liquor had been found and the prohibition officers advised of that fact, they entered the house, assisted in handling the liquor, and it was taken by them and one of the police officers to the prohibition department. There is no evidence that the liquor found by the police officers was taken to the place in the car mentioned. The defendant admitted that the liquor belonged to him, and, on being asked by a police officer in which court he preferred to be prosecuted, of course said, "The federal court," after being advised by the officers that the possible penalty under the state law was largely in excess of that permitted by the federal law.

[1-3] The Fourth Amendment to the federal Constitution, prohibiting unreasonable search and seizure, is a restraint on the federal government, and is not directed to the individual conduct of the state officers. Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159; McGrew v. U. S. (C. C. A.) 281 F. 809; Hirata v U. S. (C. C. A.) 290 F. 197; Robinson v. U. S. (C. C. A.) 292 F. 683. Therefore evidence obtained by a state officer by search and seizure is admissible in the federal court, and that court will not inquire into the legality of the action of such officers (Malacrauis v. U. S. [C. C. A.] 299 F. 253; Nunn v. U. S. [C. C. A.] 4 F.[2d] 380; Thomas v. U. S. [C. C. A.] 290 F. 133), unless it appears he was acting under and in pursuance of an agreement with, or at the instigation of, a government officer, so as to make him substantially a representative of the government (U. S. v. Falloco [D. C.] 277 F. 75; In re Schuetze [D. C.] 299 F. 827). The fact that the property seized was turned over to the prosecution officers of the government (Robinson v. U. S. [C. C. A.] 292 F. 683), or the mere fact that federal officers were present at the time of the search, does not affect the admissibility in a federal prosecution of evidence procured through the search (Thomas v. U. S., supra; Ludwig v. U. S. [C. C. A.] 3 F.[2d] 231; Malacrauis v. U. S. [C. C. A.] 299 F. 253; Byars v. U. S. [C. C. A.] 4 F.[2d] 507).

[4] In this case the evidence is that the police officer was acting on his own initiative in pursuance of a search warrant procured by him on his own initiative and on his own information, without the knowledge, direction, instigation, or arrangement with the federal officers. The federal officers did not advise or participate in the search and seizure, or enter the building until after the liquor had been found by the police officer. The search and seizure was not by their authority, nor by their direction. They were not present to assist therein, nor was the liquor discovered by them. Their purpose was to apprehend an automobile, which they

had been advised would be carrying liquor, before it had made delivery, and not to search nor assist in the search of the building.

I conclude, therefore, the evidence was admissible, and the objections and motions of the defendant will be ,overruled, and he will be allowed an exception.