### KIRKLEY v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. July 20, 1922.)

No. 1954.

Searches and seizures ⬅➡7—Evidence obtained by Illegal search by sheriff competent.

In liquor prosecution, evidence obtained by a sheriff by means of an illegal search warrant *held* competent, notwithstanding Const. Amend. 4, prohibiting unreasonable searches and seizures, since such amendment does not protect a citizen from unreasonable search, except where made or participated in by federal officers or under federal process.

Waddill, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Charlie Kirkley was convicted of having possession of and transporting intoxicating liquor, and of having in his possession property used in the manufacture of intoxicating liquor, and he brings error. Affirmed.

C. T. Graydon, of Columbia, S. C., for plaintiff in error.

G. L. B. Rivers, Asst. U. S. Atty., of Charleston, S. C. (Francis H. Weston, U. S. Atty., of Columbia, S. C., on the brief), for the United States.

Before KNAPP, WOODS, and WADDILL, Circuit Judges.

WOODS, Circuit Judge. The defendant, Charlie Kirkley, was convicted of having in his possession and transporting intoxicating liquor, and of having in his possession property used in the manufacture of intoxicating liquor. The evidence against him was the finding of a bottle of whisky in his house and a still about 400 yards off by the sheriff of Chesterfield county, in the execution of a search warrant issued by a magistrate. The warrant was not produced, but the evidence tended to show that the affidavit on which it was issued did not set forth "the sources of information, the facts and grounds of belief, upon which the affiant bases his belief," as seems to be required by the South Carolina statute (Cr. Code 1912, § 836).

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Assuming the invalidity of the search warrant under which the sheriff found the whisky and still, we think the District Court was nevertheless right in refusing to strike out the evidence and in refusing to direct a verdict of acquittal. The Fourth Amendment of the Constitution of the United States does not protect a citizen from unreasonable searches, except those made or participated in by federal officers or under federal process. The case is controlled by the case of Kanellos v. United States (C. C. A.) 282 Fed. 461, herewith filed.

Affirmed.

WADDILL, Circuit Judge. I dissent, for the reasons given in dissenting opinion this day filed in the case of Kanellos v. United States.