## SINGLETON v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. May 9, 1923.)

No. 2028.

1. **Criminal law ☞1031—Legality of search warrant must be questioned in trial court.**

. The objection that search warrant was based on an affidavit not complying with the requirements of the state statute could not be first raised on appeal.

2. **Intoxicating liquors ☞224—Burden of proof on private possessor of liquor to show lawful possession; "action."**

When liquor is found even in a private home, and the possessor has no permit for it, he has the burden of proving it was kept for a lawful purpose, under National Prohibition Act, tit. 2, § 33, in which the word "action" does not refer to a civil action only, for an action is an ordinary proceeding by which one party prosecutes another for the enforcement or protection of a right, the redress of a wrong, or the punishment of a public offense; there being two kinds of actions, civil and criminal (quoting Words and Phrases, Second Series, Action).

3. **Intoxicating liquors ☞248—Federal officer cannot be aided by state search warrant not in accordance with the federal law.**

A federal officer cannot lawfully swear out a search warrant to search a private dwelling, when he has not the evidence of illicit sale without which the act of Congress has expressly declared no private residence may be searched, and, being inhibited from doing this under the federal statute, he cannot evade such statute by swearing out the same before a state official.

In Error to the District Court of the United States for the Western District of South Carolina, at Greenville; Henry H. Watkins, Judge.

Katie Singleton was convicted of having a second time unlawfully possessed intoxicating liquor. Reversed.

C. G. Wyche, of Greenville, S. C. (Dean, Cothran & Wyche, of Greenville, S. C., on the brief), for plaintiff in error.

Ernest F. Cochran, of Anderson, S. C., U. S. Atty.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge. The plaintiff in error, defendant below, and so styled here, was convicted of having a second time unlawfully

possessed intoxicating liquor. One Gosnell, a federal prohibition agent, went before a magistrate of the state of South Carolina and made an affidavit upon which, in assumed accordance with state law, a warrant was issued to one Bell, a state constable, commanding him to search defendant's premises for contraband intoxicating liquor. Gosnell and two other federal prohibition agents accompanied the constable to the defendant's home, aided in the search, and found there liquor which was produced in evidence.

[1] The defendant offered no testimony, but assigns numerous errors, only three of which are important enough to require consideration. She says that Gosnell's affidavit, upon which the search warrant was issued, did not in certain respects come up to the requirements of the South Carolina statute, and therefore no evidence of what the search revealed was admissible against her. The learned counsel for the defendant objected to the government's offer to show what was found in her house. The court said:

"You make no point on the question of the sufficiency of the warrant under the state law."

The reply was:

"My position is that the evidence should be excluded because it was obtained in violation of the defendant's rights under the Fourth and Fifth Amendments to the Constitution of the United States."

Subsequently, in charging the jury, the District Judge said:

"No question has been raised as to the legality of the search warrant under which the officers went on the premises" of the defendant.

To this statement no objection was made. It is now too late to do so.

[2] The defendant urges that there was harmful error in so much of the charge to the jury as told them in effect that when liquor is found, even in a private home, and the possessor has no permit for it, the burden of proof is on him to show it was kept for a lawful purpose. We have recently held that such is the law, Barker v. United States, 289 Fed. 249 (decided May 1, 1923), and so has the Circuit Court of Appeals of the Ninth Circuit, in Panzich v. United States, 285 Fed. 871.

Section 33 of title 2 of the National Prohibition Act (41 Stat. 317) declares that:

"The possession of liquors by any person not legally permitted under this title to possess liquor shall be prima facie evidence that it is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this title. Every person legally permitted under this title to have liquor shall report to the commissioner within ten days after the date when the Eighteenth Amendment of the Constitution of the United States goes into effect the kind and amount of intoxicating liquors in his possession. But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied as used by him as his dwelling only and such liquor need not be reported, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him therein, and the burden of proof shall be upon the possession in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used."

To the ordinary reader this language is sufficiently clear. One who has become legally possessed of intoxicants may keep them in his dwelling. He may obtain a permit for them, but he is not required to do so; but, if the rightfulness of his having them is legally challenged, the burden is on him to show that he lawfully obtained, keeps, and uses them. There is nothing harsh or oppressive in such construction. He always knows how he procured the liquor, and frequently no one else does. Here our discussion of this point might well come to an end, had it not been for the earnestness with which the learned counsel for the defendant pressed upon us the contrary opinion of Judge Ervin in United States v. Cleveland (D. C.) 281 Fed. 249. He there held that the word "action," in the last clause of the section, has reference to a civil action only. This conclusion he based upon three grounds:

The first of these is that in his view "action is not ordinarily used to indicate a criminal prosecution." The legal lexicographers are apparently of a different opinion. Thus in 1 Bouvier's Law Dictionary, Rawle's Revision, 88, we find:

"*Civil actions.* Those actions which have for their object the recovery of private or civil rights or of compensation for their infraction;" and "*Criminal actions.*—Those actions prosecuted in a court of justice in the name of the government, against one · or more individuals . accused; of crime. · See 1 Chitty Criminal Law."

See, also, 1 Pope's Legal Definitions, 28.
A frequently quoted definition of an "action" is:

"An ordinary proceeding by which one party prosecutes another for the enforcement or protection of a right, the redress of a wrong, or the punishment of a public offense and there are two kinds of actions, civil and criminal." 1 Words and Phrases, Second Series, 74.

Second. He thinks that the other occasions in which the word is used in the National Prohibition Act shows that Congress intended it in the limited senses of civil actions only. The analysis and comparisons he makes are not convincing to our apprehension.

Third. Grammatically, he suggests that the phrase an "action concerning the same" is more appropriate to a civil proceeding, in which there is in issue the title to liquor or the right to possess it, than to a criminal prosecution of one for unlawfully keeping it. Perhaps so, but the conclusion drawn from this somewhat uncertain premise assumes a greater nicety and precision in the use of language than, in view of the conditions under which legislative draftsmen are compelled to work, can ordinarily be expected from them.

[3] There is much more merit in the last of the defendant's contentions, to the effect that the judgment against her should be set aside because the only testimony supporting her conviction was obtained by a search made under a warrant procured by the national prohibition officer contrary to the express declaration of the act of Congress that—

"No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor."

Gosnell, when he swore out the state search warrant, did not suggest that the defendant's dwelling was being so used. The government

says it was not necessary that he should have done so. The law of South Carolina permits the issue of warrant to search a private dwelling for forbidden liquor, although there is no evidence that any sales have been made from that house. Why, it is asked, could not Gosnell do what any other resident of the state could have done? Did the mere fact that he held a federal office put him under disability to exercise the right given by the state law to anybody? To these questions, the desired answers may be given, and yet, for all that, a federal officer cannot lawfully swear out a search warrant to search a private dwelling, when he has not the evidence of illicit sale without which the act of Congress has expressly declared no private residence may be searched; and, being inhibited from doing this under the federal statute, he cannot evade such statute by swearing out the same before a state official. This is precisely what he did in this case; that is to say, for the purpose of procuring evidence to be used in a federal prosecution, he sought by going before a state magistrate to escape the restrictions which Congress had seen fit to impose upon those charged with the enforcement of the National Prohibition Act. This he could not lawfully do, and evidence so obtained is not admissible in a federal court.

Reversed.