## THOMAS v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. May 9, 1923.)

No. 2053.

1. **Criminal law ⬅394—Evidence obtained through search by state officers admissible in federal court.**

In a federal prosecution, evidence procured by state officers is not inadmissible on the ground that what they did in procuring it would have constituted an unreasonable search and seizure, and would have been unlawful if done by a federal officer.

2. **Criminal law ⬅394—Mere presence of federal officer at search by state officer does not render evidence secured inadmissible in federal prosecution.**

Where a state constable had procured a search warrant under the state law, the mere fact that he took federal officers, whom he met accidentally with him, did not affect the admissibility in a federal prosecution of evidence secured through the search.

In Error to the District Court of the United States for the Western District of South Carolina, at Greenville; Henry H. Watkins, Judge.

Criminal prosecution by the United States against Henry V. Thomas. Judgment of conviction, and defendant brings error. Affirmed.

H. C. Miller and M. L. Bonham, both of Anderson, S. C., for plaintiff in error.

Ernest F. Cochran, U. S. Atty., of Anderson, S. C.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge. [1] The plaintiff in error was defendant below and will be so styled here. He was convicted of the unlawful

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

possession of intoxicating liquors. A private citizen of South Carolina happened to witness incidents which would have led almost any reasonable man to believe that the defendant was engaged in the sale of liquor. He communicated his information to a state constable, who thereupon obtained a search warrant from the state magistrate. On his way to serve the warrant he happened to run across a federal prohibition agent and a United States deputy marshal. He asked them to go along. They assisted in the search. In a federal prosecution objection cannot be made to the admission of testimony procured by state officers on the ground that what they did in procuring it would have constituted an unreasonable search and seizure forbidden by the Constitution of the United States, if it had been done by a federal official or at his instigation. Kirkley v. United States (C. C. A.) 283 Fed. 34, Kanellos v. United States (C. C. A.) 282 Fed. 461.

[2] On the other hand, we this day held that federal officials, in the effort more effectively to enforce the National Prohibition Law (41 Stat. 305), may not secure evidence of its violation by obtaining from state magistrates search warrants to which under the federal statutes they would not' have been entitled. Singleton v. United States, 290 Fed. 130. In the instant case, however, all the facts show that the original prosecution and the swearing out of the search warrant by which it was begun were state proceedings and nothing else. In their initiation, no federal official had any part. The law of the state authorized the officer charged with the service of the warrant to call· upon any one he chose for assistance. Elrod v. Moss (C. C. A.) 278 Fed. 123. The fact that he, of his own volition, asked the help of persons who happened to be federal officials, could not make inadmissible evidence that would otherwise have been competent. There was in this case, tending to establish the guilt of the defendant, testimony other than that procured by the search in question, and which, taken in connection with that so obtained, was ample to support the verdict returned.

Affirmed.