## RIGGS v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. May 20, 1924.)

No. 2236.

1. **Criminal law** ⬤⟹394—**Evidence obtained through search by state officers admissible in federal court.**

Evidence procured by state officers by search and seizure without warrant is admissible on a trial in the federal court, though federal officers would be inhibited from making search with or without warrant.

2. **Intoxicating liquors** ⬤⟹236(9)—**Evidence held not to support conviction for maintaining a nuisance.**

Evidence which established only possession by defendant of a quart of whisky, for which he was convicted, *held* not to support a conviction for maintaining a nuisance.

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

Criminal prosecution by the United States against L. J. Riggs, alias Bearcat Riggs. Judgment of conviction, and defendant brings error. Reversed in part.

A. M. Belcher, of Charleston, W. Va. (John Horan, of Charleston, W. Va., on the brief), for plaintiff in error.

B. J. Pettigrew, Asst. U. S. Atty., of Charleston, W. Va. (Elliott Northcott, U. S. Atty., and Ellis A. Yost, Asst. U. S. Atty., both of Huntington, W. Va., on the brief), for the United States.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WADDILL, Circuit Judge. Upon a general verdict of guilty, on an information against the plaintiff in error containing two counts—the first charging that in the month of May, 1923, he did unlawfully transport and possess intoxicating liquor of a quantity and kind to the United States attorney unknown, in violation of section 3 of title 2 of the National Prohibition Law (Comp. St. Ann. Supp. 1923, § 10138½aa); and, second, that on the same date and for a period of time continuously theretofore, at Charleston, in the county of Kanawha and Southern district of West Virginia, he did own, control, occupy, and maintain a certain room, house, building, structure, and place where intoxicating liquor was then being manufactured, kept, bartered, and sold in such manner as to constitute a common nuisance, in violation of section 21 of said act (section 10138½jj)—the court imposed a fine of $500 and imprisoned the plaintiff in error in the county jail for the term of 12 months. From that sentence, and to the action and ruling of the court in the introduction of testimony during the trial, and the giving of certain instructions, this writ of error was sued out.

The facts of the case appear briefly to be these: Certain state prohibition officers, to wit, John W. Miller and three others, having reason to believe that liquor could be found in plaintiff in error's residence, procured a state search warrant, and in the nighttime of May 21, 1923,

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

proceeded to his residence at 209 and 209a Broad street, Charleston, and upon requesting admittance, which was denied, broke down the door and entered the rooms of the house. Several persons resided in the house besides plaintiff in error, one of whom, who was present at the time of the search, having since died. One quart of whisky was found in a closet in plaintiff in error's room, and six quarts were taken from a satchel and thrown out of a window of the house during the progress of the raid. The prohibition officers participating were examined as witnesses, and testified to these facts, and the plaintiff in error was examined in his own behalf, and denied ownership of the whisky found, or that any was found in the room occupied by him, and testified that he had nothing to do with any part of the house, except his own room.

Plaintiff in error moved to reject the testimony because of the alleged unlawful search and seizure mentioned, and because of the method and manner of his examination as a witness during the trial, and the inquiry into other alleged offenses committed by him. all of which objections were overruled, and the case submitted to the jury, a general verdict of guilty rendered, and the accused fined and sentenced to imprisonment as before mentioned.

Quite a number of assignments of error were made to the rulings of the court, but in the view we take of the testimony it will only be necessary to determine two of them: First, whether the testimony secured by the state officers should have been received in evidence, and the seizure of the liquor and the arrest of the plaintiff in error had as a result thereof; and, second, the sufficiency of the evidence, if admitted, to sustain the verdict and judgment of the court, under either or both of the counts of the information.

[1] Upon the first question, under federal authorities, as viewed by this court, evidence procured by state officers by search and seizure without warrant may be introduced upon a trial in the federal court, although the federal officers themselves would be inhibited from making search with or without warrant. Louis Kanellos v. United States (C. C. A. 4th Circuit) 282 Fed. 461; Henry V. Thomas v. United States (C. C. A. 4th Circuit) 290 Fed. 133. Under the testimony thus received, it is manifest that the verdict of the jury, finding plaintiff in error guilty of unlawful possession of intoxicating liquor, was correct, and hence the sentence of the court imposing a fine of $500 on the verdict, so far as the unlawful possession was concerned, is free from error.

[2] The verdict of the jury under the second count is clearly wrong, and the same, and the judgment of the court thereon, should be set aside, for the reason that there was no sufficient testimony to warrant the conviction of the plaintiff in error for the maintenance of a nuisance; the testimony only establishing possession of the liquor in a single instance, for which defendant was convicted.

Several assignments of error relate to the manner of the cross-examination of the accused, as well by the prosecuting attorney as by the court, and the inquiry into other alleged offenses in a manner tending to prejudice the jury against him. We do not feel that it is necessary to deal with this exception in detail, further than to say that, of course, the utmost care should always be taken to see that nothing

is done in a trial which would prejudice the accused. We do not feel, under the circumstances of this case, that the alleged errors complained of could have been hurtful to the accused, so far as possession of the liquor is concerned, the only offense of which he was legally adjudged guilty.

The judgment of the District Court will be reversed, and a new trial awarded, so far as the second count of the information is concerned, and affirmed as to the first count, imposing a fine of $500.

Reversed in part.