## BROWN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 24, 1926.)

No. 4769.

Criminal law ⬅➝394—Evidence obtained by state officers, by search and seizure under warrant obtained by them without instigation or arrangement with federal officers, held admissible in federal court liquor prosecution (Const. Amend. 4).

Evidence in liquor prosecution, obtained by state officers by search and seizure, *held* admissible in federal court, where they were acting on their own initiative under search warrant procured by them, without instigation or arrangement with federal officers, who did not participate in search or seizure, or enter building until after liquor had been found by state officers, and who were present to seize load of liquor which they had been notified would be delivered at that house; Const. Amend. 4 not being applicable.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

H. G. Brown was convicted of unlawful possession of intoxicating liquor (8 F.[2d] 630), and he brings error. Affirmed.

Lord & Moulton, of Portland, Or., for plaintiff in error.

George Neuner, U. S. Atty., and Forrest E. Littlefield, Asst. U. S. Atty., both of Portland, Or.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. This writ of error presents the question whether constitutional rights were violated in the case in which the plaintiff in error was convicted under an information charging him with unlawful possession of intoxicating liquor. The facts were that a federal prohibition officer informed a member of the local police force that an automobile load of intoxicating liquors was to be delivered that evening at a house which he designated by street and number, and inquired of him whether he knew anything about the place. The police officer answered that he knew of the place and that he had a search warrant for it. Thereafter two police officers in one car and three prohibition officers in another went to the place, and in the vicinity thereof stationed themselves and waited until an automobile was driven into the garage and lights were turned on in the house. Some 20 minutes later the police officers entered the house and discovered therein a large quantity of intoxicating liquors. Being informed of this discovery, the prohibition officers entered and assisted the police officers in removing the liquors. The plaintiff in error on his own choice was prosecuted in the federal court, rather than in the state court under the state statute.

It is contended that the search and seizure were illegal, and that the participation therein by the federal officers was such as to render the evidence inadmissible on the trial. Decisions are cited to the effect that such association of federal officers with a wrongful search and seizure will bring the case within the operation of the Fourth Amendment. In the present case, however, there was failure to show that the police officers were acting under agreement with or at the instigation of the federal officers. The court below, to whom the case was submitted for decision, a jury having been waived, expressly found that there was no such agreement or understanding, but that, on the contrary, the evidence was that the police officers on their own initiative had procured a search warrant under the state law to search the house before the federal officers conferred with them. The federal officers, so far as the evidence goes, had in mind the seizure of a load of liquor to be delivered at that house. They took no part in the search, and the search was not made under their authority. We think the evidence so obtained was clearly admissible. Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159; Malacrauis v. United States (C. C. A.) 299 F. 253; Thomas v. United States (C. C. A.) 290 F. 133; Ludwig v. United States (C. C. A.) 3 F.(2d) 231.

The judgment is affirmed.