## PETROFF v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. June 16, 1926.)

No. 4588.

**1. Criminal law ⟨⟩315.**

The presumption of continuity is not retroactive, but prospective only.

**2. Criminal law ⟨⟩369(6).**

Evidence of the finding of a large quantity of moonshine whisky in defendant's possession *held* admissible as corroborative evidence of a sale of whisky by defendant 10 days previously; there being also direct evidence of such sale.

**3. Criminal law ⟨⟩783(1)—Court's reference in instruction to defendant's plea of guilty in another case, and direction to disregard same, held proper.**

In instructions, on trial of defendant for selling whisky, reference to the fact that he had pleaded guilty on another count charging possession, with direction to the jury not to consider that fact, was proper, where the jury already knew of the plea.

In Error to the District Court of the United States for the Northern Division of the Western District of Michigan; Fred M. Raymond, Judge.

Criminal prosecution by the United States against Ratko Petroff. Judgment of conviction, and defendant brings error. Affirmed.

A. F. Dixon, of Iron River, Mich. (N. C. Spencer, of Ft. Wayne, Ind., on the brief), for plaintiff in error.

Edw. J. Bowman, U. S. Atty., of Grand Rapids, Mich. (Howard A. Ellis, of Grand Rapids, Mich., on the brief), for the United States.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

KNAPPEN, Circuit Judge. Plaintiff in error was indicted for violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) upon two counts—the first, for sale of intoxicating liquor on July 29, 1925; the second, for possession on August 8th following. He first pleaded not guilty to each count, later pleading guilty to the second or possession count. He was convicted on both counts and given separate sentences.

[1] The principal complaint relates to the admission, in support of the sale charged in the first count, of evidence that 10 days after the sale (viz. August 8th, the date named in the possession count) a large amount of moonshine whisky was found on defendant's premises, was seized under search warrant, and was produced on the trial against objection, here more specifically stated, that the evidence obtained on the seizure was secured at too remote a time to be admissible in support of the charge of sale 10 days before. Upon this record, we think this objection not good. Of course, the evidence was not admissible under a presumption of continuity, for that presumption is not retroactive, but is prospective only.

[2] Nor, as the court told the jury, was it admitted as showing or tending to show a propensity on defendant's part to commit crimes generally, or to commit crimes of the same sort as that for which defendant was being tried, but only as it might tend, in connection with the facts and circumstances surrounding the possession, to show that defendant was on the 29th day of July engaged in the business of selling intoxicating liquor, and had the equipment and means for so doing, and thus to aid in determining whether defendant made the alleged sale on July 29th, direct oral testimony of which had already been introduced by the government. We think the evidence in question was pertinent and material for the purpose stated. It had appeared by the government's testimony that defendant had on the night of July 29th sold to a prohibition worker—in the presence, hearing, and partly in the sight of the sheriff, although at the time not so known to defendant—a gallon of moonshine whisky, by way of filling therewith, outside defendant's house, at a place unknown to and in the absence of the two government witnesses, a glass jug provided by the sheriff, and which defendant carried away with him to be filled, thus naturally suggesting that he had a supply secreted somewhere.

It appeared by the undisputed testimony that by the search of August 8th there was found, concealed in a secret dugout and under

the hay mow in defendant's barn, a large number of barrels—one witness said 15 or 20—all of which still contained some moonshine whisky, most of the barrels being nearly empty, but all containing charcoal, whose function is to assist "aging." The moonshine so found aggregated about 180 gallons, 20 or 25 gallons of which were destroyed; the remainder, about 160 gallons, being taken away in four barrels. We think this evidence substantially tended to show that the stock of moonshine had been so cached and sold from for a substantial period of time, and so, in connection with the testimony of occurrences on the night of July 29th, had a direct tendency to show that on that night defendant was carrying on the business of clandestinely selling moonshine whisky, and so tended to corroborate the direct testimony of a sale on that night.

[3] Complaint is made that in the charge the court said that a plea of guilty had been entered as to the second count. This was immediately followed by the statement: "So that the only question for your consideration in connection with this case is as to respondent's guilt under the first count, viz. as to whether or not on July 29, 1925, the respondent sold to George Hoffman intoxicating liquor." Later the jury was instructed to "entirely eliminate from your minds, in the consideration of this case, the fact that defendant has pleaded guilty to the crime committed on August 8th, for the unlawful possession of intoxicating liquor, because that matter is entirely out of your hands, and will be taken care of in another way."

It would be enough to say that no exception was taken to the charge in the respect we are considering; the only exception taken being "to that portion * * * which permits the jury to give any consideration whatever to the evidence introduced in the case regarding the search and seizure of August 8th." The natural construction of the record, however, is that the plea of guilty to the possession count was made in the presence of the jurors, or at least of a substantial portion thereof. Indeed, the district attorney, in his opening statement, after mentioning the two counts and their nature, said: "The second count, the count for possession; I think you men were present in the courtroom when the respondent pleaded guilty; so that he will go on trial on the charge of selling." No denial was made of, or objection or exception taken to, this statement. In these circumstances, to say the very least, the court's reference to that plea was proper, even if the plea was not in fact made in the presence of the jury.

Our conclusion that the evidence of the seizure of the whisky on August 8th was properly admitted makes it unnecessary to consider the complaint that one barrel of the seized whisky was permitted to be in the courtroom during the trial. We find no other criticisms requiring comment.

No error appearing, the judgment is affirmed.