THOMPSON v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit.
October 18, 1927.

No. 2624.

1. **Intoxicating liquors** ☞247, 249—Searches and seizures ☞7 (6, 10)—Federal prohibition agent cannot search private dwelling without search warrant, and warrant cannot issue unless dwelling is used for unlawful sale (Const. Amend. 4; National Prohibition Act, tit. 2, § 25 [27 USCA § 39]; Espionage Act 1917, tit. 11 [18 USCA § 611 et seq.]).

The effect of Const. Amend. 4, National Prohibition Act, tit. 2, § 25 (27 USCA § 39), and Espionage Act 1917, tit. 11 (18 USCA § 611 et seq.), is to forbid the search of a private dwelling by a federal prohibition agent without a search warrant, and to require that a search warrant shall not issue to search a private dwelling, unless it is being used for the unlawful sale of intoxicating liquor.

2. **Criminal law** ☞394—Search under state warrant not complying with federal requirements held joint federal and state enterprise, and evidence procured thereby not admissible (Const. Amend. 4; National Prohibition Act, tit. 2, § 3, 25 [27 USCA § 12, 39]; Espionage Act 1917, tit. 11, § 1 [18 USCA § 611]).

Evidence *held* to show that search for intoxicating liquor under state search warrant, which did not meet requirements of either Const. Amend. 4, National Prohibition Act, tit. 2, § 25 (27 USCA § 39), or Espionage Act 1917, tit. 11, § 1 (18 USCA § 611), was at least a joint enterprise of federal prohibition agent, state constable, and third person, and United States was therefore not entitled to use evidence procured thereby in prosecution for unlawful possession of liquor, under National Prohibition Act. tit. 2, § 3 (27 USCA § 12).

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

May (Mary) Thompson was convicted of unlawful possession of intoxicating liquor at her private dwelling, and she brings error. Reversed.

J. Raymond Gordon, of Charleston, W. Va., for plaintiff in error.

B. J. Pettigrew, U. S. Atty., of Charleston, W. Va.

Before PARKER, Circuit Judge, and SOPER and ERNEST F. COCHRAN, District Judges.

SOPER, District Judge. The plaintiff in error, who was defendant below, was convicted of the unlawful possession of intoxicating liquor at her private dwelling, No. 3 Straughan Court, Charleston, West Virginia, contrary to section 3 of title 2 of the National Prohibition Act (41 Stat. 305, 308 [27 USCA § 12]).

Certain assignments of error are directed to rulings of the District Court on questions of evidence, and to the refusal of the court to grant certain instructions offered by the defendant relating to possession of intoxicating liquor. We find no error in the action of the court in these particulars; nor is it necessary to discuss them, for the case turns on the character of the search of the defendant's premises by which the liquor was found. In our opinion the search was illegal, and as there was no evidence of unlawful possession, except that obtained by the search, a motion of the defendant for a directed verdict should have been granted.

The legality of the search was first questioned by the defendant in a petition filed before the jury was sworn, asking that the United States be restrained from the prosecution of the defendant, and that the evidence secured by the search be excluded, because the defendant's premises were searched by I. A. Taylor, a prohibition agent, without a search warrant. No oral testimony was taken in connection with the petition, but the government was permitted, over the objection of the defendant, to file an affidavit of one Boyd Riley that during the month of August, 1926, he had purchased one gallon of liquor from the defendant's husband, W. H. Thompson, of No. 3 Straughan Court. Conceding the allegations of the affidavit, the search was nevertheless not justified under the federal law, for the use of the premises for the sale of intoxicating liquor was not shown. The court, however, overruled the defendant's petition and proceeded with the trial.

[1] It is well settled that the effect of the provisions of the Fourth Amendment to the Constitution of the United States, of section 25 of title 2 of the National Prohibition Act (27 USCA § 39), and of title 11 of the Espionage Act of June 15, 1917 (40 Stat. 228 [18 USCA § 611 et seq.]), is to forbid the search of a private dwelling by a national prohibition agent without a search warrant, and to require that a search warrant shall not issue to search a private dwelling, unless it is being used for the unlawful sale of intoxicating liquor. The government does not

contend that the search in this case was such as would be lawful, if conducted by a federal prohibition officer, but asserts, that although Taylor was present, the search was not conducted by him, but by one S. V. McCormick, a state constable, who had procured a search warrant from a state magistrate. The record fails to show, either that the warrant was supported by evidence indicating a prior sale on the premises, or that it was issued by a court of record. The warrant was therefore of no avail, since it complied neither with the provisions of section 25, title 2, of the Prohibition Act, nor with section 1 of title 11 of the Espionage Act (18 USCA § 611). Singleton v. U. S. (C. C. A.) 290 F. 130.

But the government says that, since the raid was in charge of a state constable, it was not subject to federal requirements, and was not invalidated by the presence or participation of a federal prohibition agent. It has been held in this circuit and elsewhere that evidence of the unlawful possession of intoxicating liquor procured by state officers is admissible in a federal trial, although what they did in procuring it would have constituted an unreasonable search and seizure, if done by a federal officer, and that the mere presence of a federal officer and his participation in the search at the instance of state officers do not render the evidence obtained incompetent in a federal court. Kanellos v. U. S. (C. C. A.) 282 F. 461; Thomas v. U. S. (C. C. A.) 290 F. 133; Malacrauis v. U. S. (C. C. A.) 299 F. 253; U. S. v. Brown (D. C.) 8 F.(2d) 631, affirmed (C. C. A.) 12 F.(2d) 926.

The real inquiry, therefore, is whether under the facts of this case the search was in truth a proceeding by the state, or whether, on the other hand, it was an undertaking of the federal prohibition agent to obtain evidence in a manner forbidden by the federal law, and at the same time to avoid the consequences by co-operation with a state officer. In considering this question, the warning given by the Supreme Court of the United States in Byars v. United States, 273 U. S. 28, 47 S. Ct. 248, 71 L. Ed. 520, decided since the trial below, should be borne in mind. The court said that we should be vigilant to scrutinize the attendant facts of a case, with an eye to detect and a hand to prevent violations of the Constitution by circuitous and indirect methods. The search in that case was conducted under a search warrant, clearly bad if tested by the Fourth Amendment and the laws of the United

States. It was put into the hands of local officers to serve, but before they acted they requested a federal prohibition agent to accompany them, and the search was jointly made. The circumstances showed, in the opinion of the court, that the federal agent was not invited to attend the state squad as a private person might have been, but upon the chance that something would be disclosed of official interest to him, and that he shared in the search under color of his federal office. Consequently the search in substance and effect was a joint operation of the local and federal officers, and was illegal. The right of the federal government to avail itself of evidence improperly seized by state officers operating entirely upon their own account was not questioned, but it was declared that the rule is otherwise when the federal government itself, through its agents acting as such, participates in a wrongful search and seizure.

[2] The evidence in the case at bar indicates quite clearly that the search was, to say the least, a joint enterprise of the national prohibition agent, the state constable, and a third party. It is true that McCormick testified that he had charge of the raid, and had procured a search warrant to search the house; but, after procuring the warrant, he sought out Taylor and requested his assistance. It was shown that McCormick and Taylor conferred and co-operated daily about violations of the National Prohibition Act. Tom Jones, the third participant in the raid, testified that he was a mechanic by trade, but had been without occupation for the past year. He had pleaded guilty to the illegal possession of intoxicating liquor. He also had had daily conferences with federal prohibition officers in regard to violations of the prohibition law. Taylor, the prohibition agent, did not deny or qualify in any way the testimony concerning the close association between him and the others who participated in the search. We can come to no other conclusion than that he took part in the search in his official capacity in disregard of the constitutional and statutory provisions referred to.

Consequently the United States was not entitled to use at the trial of the accused the evidence obtained by the search of her home, and as the point was seasonably raised, not only by the petition filed prior to the trial, but also by a motion for a directed verdict, the judgment of the lower court must be reversed.