## MYERS v. UNITED STATES.

### No. 3107.

Circuit Court of Appeals, Fourth Circuit. April 13, 1931.

J. Raymond Gordon, of Charleston, W. Va., for appellant.

James Damron, U. S. Atty., of Huntington, W. Va. (Philip Angel, Asst. U. S. Atty., of Huntington, W. Va. on the brief), for the United States.

Before PARKER, Circuit Judge, and WATKINS and WEBB, District Judges.

PARKER, Circuit Judge.

The appellant, Roy Myers, was convicted in the court below of selling intoxicating liquor in violation of the National Prohibition Act (27 USCA); and from a sentence of imprisonment he appeals to this court. The assignments of error raise four points for our consideration, viz.: (1) Whether the evidence relied upon by the government established a sale; (2) whether there was error in admitting evidence as to the finding of a quantity of liquor on defendant's premises in a search made the day after the sale relied on; (3) whether there was error in admitting evidence of the submission of the defendant in the state court under a charge of possessing the liquor found on this search; and (4) whether there was error in the court's action on objections made to the District Attorney's argument to the jury.

The facts are that government agents saw one Amos, a taxicab driver working for defendant, bring a package containing a gallon of whisky from the residence of defendant and place it in an automobile. They placed him under arrest, and he was prosecuted and convicted on a charge of transportation. Amos later divulged his connection with defendant; and, upon the trial of the latter, testified to an arrangement under which he (Amos) was to drive a taxicab for defendant and handle liquor for him. He was to obtain this liquor from defendant, was to pay for it at a certain price, and was to retain all above that price that he might receive. He testified that he had been getting liquor and selling it for some time under this arrangement, that on the day in question he had obtained a pint from defendant's residence which he had sold and delivered, and that, having arranged for the sale of a gallon in the evening, he had ob-

tained it from defendant's residence, a building used partly for business purposes, and was taking it to make delivery to his customer when he was arrested.

Shortly after arresting Amos, the officers who had arrested him obtained a federal search warrant and searched the premises of defendant, but failed to find any liquor there. The next day, state officers, having obtained a state warrant, searched and found forty-three gallons in one-gallon cans hidden in a secret compartment of defendant's kitchen. A federal agent was with them when they made this search, but defendant was not prosecuted in the federal courts for possession of the liquor so found. Evidence of its being found on his premises was admitted in the trial below, however, in corroboration of the testimony of Amos; and the court also admitted the record of defendant's submission in the state court to the charge of possessing it. The objection to the remarks of the district attorney was that in his address to the jury he referred to the defendant as a bootlegger.

■■ There can be no question that the evidence relied upon by the government supported the charge of sale. If the evidence of Amos is believed, he and the defendant had been engaging in business together for a period of a year or more; and, even if Amos be considered as acting as defendant's agent, defendant would be criminally responsible for the sales made by Amos in that capacity, including the sale of the pint which was consummated by delivery to the purchaser on the day of his arrest. We think, also, that the evidence supports the position that in the case of the liquor handled by Amos there was a sale to him by the defendant. It is true that Amos was not required to make payment at the time that he obtained the liquor; but payment in cash is not necessary to complete a sale. If liquor was delivered to him by the defendant or at his instance under an arrangement by which payment was to be made later, this would clearly be a sale within the meaning of the statute. The case of Fox v. U. S. (C. C. A. 4th) 34 F.(2d) 99, relied upon by defendant, merely holds that there can be no sale without delivery, either actual or constructive, and is not remotely in point.

■ There was no error in admitting evidence as to the finding of the forty-three gallons of liquor on defendant's premises. The fact that the defendant had so large a quantity concealed in a secret compartment strongly supported the government's contention that he was engaged in the illegal liquor traffic, and corroborated the direct evidence of the government to that effect. Petroff v. U. S. (C. C. A. 6th) 13 F.(2d) 453. For like reason, it was proper to admit in evidence that in the state court defendant had pleaded guilty to the possession of the liquor so found.

■ It is objected that the evidence as to defendant's possession of the liquor was obtained by means of an unlawful search; the contention being grounded upon the fact that a federal agent was present when the search was made by the state officers under the state search warrant. It is true that, where a federal officer, as a means of evading the limitations of the federal law, participates with state officers in a search which is forbidden by the Constitution and laws of the United States, the evidence obtained thereby will be excluded by the federal courts on the principle that an officer of the government will not be allowed to do indirectly what he may not do directly. Byars v. U. S., 273 U. S. 28, 47 S. Ct. 248, 71 L. Ed. 520; Thompson v. U. S. (C. C. A. 4th) 22 F.(2d) 134, 135. There is nothing in this case, however, to bring it within the rule stated. The searching party had a state warrant, and there is nothing to show that in its issuance any principles of the federal law were violated or that a warrant might not have been obtained from the United States commissioner, as had been done on the preceding day. The crime discovered was made the basis of a prosecution in the state court, and the federal officer present instituted no prosecution in the federal court with regard thereto. The case at bar was a prosecution for a crime committed on the preceding day; and there is no reason why evidence obtained in the search conducted by the state officers should not have been admitted. See Byars v. U. S., supra, 273 U. S. 28 at page 33, 47 S. Ct. 248, 71 L. Ed. 520; Fisher v. U. S. (C. C. A. 4th) 2 F.(2d) 843; Riggs v. U. S. (C. C. A. 4th) 299 F. 273. As said by Judge Soper, speaking for this court in Thompson v. U. S., supra: "The real inquiry, therefore, is whether under the facts of this case the search was in truth a proceeding by the state, or whether, on the other hand, it was an undertaking of the federal prohibition agent to obtain evidence in a manner forbidden by the federal law, and at the same time to avoid the consequences by co-operation with a state officer." There can be no question that the search here complained of was "in truth a proceeding by the state."

■ The exceptions to the rulings of the court on objections made to the arguments of the district attorney are without substantial

merit. There is nothing in the record to show that the reference to the defendant by the district attorney was made otherwise than as a conclusion from the evidence that he had been guilty of a violation of the liquor laws. The use of epithets by counsel should, of course, not be allowed; but there is no objection to argument that an accused is guilty of crime or of designating the crime of which he is supposed to be guilty. We cannot see from the record that defendant was prejudiced in any way by the argument of which he complains.

There was no error, and the judgment of the court below will be affirmed.

Affirmed.