## PAPER v. UNITED STATES.
### No. 3177.

Circuit Court of Appeals, Fourth Circuit.
Oct. 19, 1931.

Paul Berman, of Baltimore, Md., for appellant.

Simon E. Sobeloff, U. S. Atty., of Baltimore, Md. (O. Norman Forrest and Cornelius Mundy, Asst. U. S. Attys., both of Baltimore, Md., on the brief), for the United States.

Before PARKER and NORTHCOTT, Circuit Judges, and WAY, District Judge.

PARKER, Circuit Judge.

The appellant, William Paper, was indicted and convicted of unlawful possession of intoxicating liquor in violation of the National Prohibition Act (27 USCA). The only question presented by the appeal relates to the admissibility of the evidence of government officers that, in searching for appellant on his premises in order to arrest him under a bench warrant, they found a quantity of liquor in his cellar. The judge below found that the officers were in good faith searching for the defendant and were not conducting a search for discovering evidence of crime, when quite by accident they discovered the liquor in question. There is nothing to warrant the contention that the search for the defendant was a pretext for searching his premises for evidence of crime, and there is no basis for the application of the rule that under a warrant describing a thing to be seized a general search may not be conducted and seizure made of other things. The case is a simple one of where officers, lawfully and in good faith searching a defendant's home for the purpose of finding and arresting him, discover that he is engaged in the commission of a crime other than that for which they are seeking his arrest.

We think there can be no question but that the evidence was admissible. The purpose of the Fourth Amendment was to prevent the use of "governmental force" to search a man's house, his person, his papers or his effects and to prevent their seizure against his will. Olmstead v. U. S., 277 U. S. 438, 48 S. Ct. 564, 72 L. Ed. 944, 66 A. L. R. 376. Most cases of search in violation of this constitutional provision involve the element of trespass, i.e. the entry without right upon the premises of the citizen. And all cases of unlawful search will be found to involve either this element or some element of fraud or subterfuge, as where an arrest is made a pretext for a search, or where the right to search having been obtained ostensibly for one purpose is used in reality for another. Henderson v. U. S. (C. C. A. 4th) 12 F.(2d) 528, 51 A. L. R. 420; Thompson v. U. S. (C. C. A. 4th) 22 F.(2d) 134. But where the entry and search are rightful and there is present no element of trespass or fraudulent invasion of the rights of the citi-

zen, there is no reason for excluding evidence of crime discovered in the course of the search. If the officers, in this case, had discovered in the cellar a counterfeiting plant in operation, would it have been their duty to ignore it? If they had come upon the body of a murdered man, would their testimony as to finding the body be excluded?

In Milam v. U. S. (C. C. A. 4th) 296 F. 629, 632, officers, having information that whisky was being conveyed in a truck, searched it for the purpose of discovering whisky and found instead that Chinamen were being unlawfully transported in it. The evidence so discovered was admitted, this court holding "that the search was not unreasonable, and that the evidence obtained was competent."

In U. S. v. Old Dominion Warehouse, Inc. (C. C. A. 2d) 10 F.(2d) 736, 738, it appeared that federal officers saw a truck deliver ten or twelve barrels of intoxicating liquor to a warehouse. They obtained a warrant authorizing them to search the warehouse for this liquor. In the course of the search, they discovered and seized 4,867½ cases of various kinds of intoxicating liquors. In directing that a petition for the return of the liquor be dismissed, the Circuit Court of Appeals of the Second Circuit, speaking through Judge Learned Hand, said: "As we read the warrant, the question does not arise of any lack of particularity in its terms. They were specific enough; they directed Grill to seize the liquors described in his affidavit, and only those. All formal requisites were observed, and the supposed vice of the seizure goes deeper; it was without any warrant at all. And so, strictly speaking, it was; but the entry was lawful, and, as we view it, it is only that that the Search Warrant Act [18 USCA § 611 et seq.] regulates. Once in, the question is whether the officer's added seizure was 'unreasonable' under the Fourth Amendment. We think that it was not. If we suppose the case of goods which we are more used to thinking of as inherently contraband, like a burglar's kit, or counterfeiting paraphernalia, the case appears to us plain. We cannot suppose that, if an officer entered lawfully upon a warrant limited to certain described articles of this kind, he would not be justified in taking without warrant any others which he might chance upon in the premises. His seizure would not depend upon the warrant, but upon the fact that they were in their nature caput lupi; it would be as little an 'unreasonable seizure' as to take property from a person arrested. Indeed, this seems to us a fair inference from Carroll v. U. S., 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, where the seizure without warrant of liquor from a motorcar was sustained. Thus we think that the Search Warrant Act has no application to the seizure of so much of the liquors as were not contained in the barrels, and that the Fourth Amendment does not touch the case, because the added seizure was not 'unreasonable'; the liquors being inevitably unlawfully possessed."

In U. S. v. Camarota (D. C.) 278 F. 388, 389, federal officers searched certain premises under a warrant authorizing a search for intoxicating liquors. While so engaged they discovered a still and other paraphernalia for manufacturing liquor, which they seized. In denying a motion for the return of these articles, Judge Trippet said: "The officer, having entered upon the premises without having committed a trespass, and thus being lawfully there, and seeing a crime being committed, had a perfect right, and it was his plain duty, to seize the articles which were being used in committing the crime. In making such seizure, the officer could not do so by virtue of the search warrant, but in the performance of his general duty to prevent the commission of crime."

In this case the officers had the right to go upon the defendant's premises for the purpose of finding and arresting him. While lawfully there and searching for him in good faith for the purpose of making the arrest, and not as a pretext for searching the premises for evidence of crime, they discovered that a crime was being committed in their presence. This discovery did not render their search unreasonable or unlawful; and there is no reason in law or in common sense why their testimony as to the crime whose commission they discovered should be excluded. Courts should be careful to safeguard the constitutional rights of the citizen against unlawful infringement by overzealous officers of the law; but, where officers are proceeding lawfully, there is no constitutional principle which forbids their testifying to a violation of law which they observe. The purpose of the Fourth Amendment is not to shield crime, but to protect the citizen against the improper use of governmental force. If there is no such improper use of force, the amendment has no application.

The judgment of the court below will be affirmed.

Affirmed.