**UNITED STATES of America**

v.

**Dennis E. PRYBA, et al.**

**No. CR 87–00208–A.**

United States District Court, E.D. Virginia, Alexandria Division.

March 8, 1988.

---

Lawrence Leiser, Asst. U.S. Atty., Alexandria, Va., for the U.S.

Paul J. Cambria, Jr., Thomas J. Morris, Arlington, Va., for Dennis E. Pryba.

William B. Cummings, Alexandria, Va., Plato Cacheris, Washington, D.C., J. Frederick Sinclair, Alexandria, Va., for Educational Books, Inc.

## MEMORANDUM OPINION

ELLIS, District Judge.

Defendants, Dennis E. Pryba, Barbara A. Pryba, Jennifer G. Williams and Educational Books, Inc., are charged, *inter alia*, with participating as principals in a "pattern of racketeering" involving the sale and distribution of allegedly obscene materials and with investing the proceeds of such activities in an "enterprise" engaged in interstate commerce, in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(a).[1] The enterprise is said to consist of the Prybas, Williams, Educational Books and seven unindicted corporations.

---

1. RICO was amended in 1984 to include "dealing in obscene matter" as a racketeering activity.

"Racketeering activity" means any act or threat involving ... dealing in obscene matter, ... which is chargeable under state law and punishable by imprisonment for more than one year....

18 U.S.C. § 1961(1)(A).

■ The issue presented is whether defendant Educational Books' prior state court convictions for dealing in obscene matter are admissible to prove acts of racketeering under RICO.[2] This Court holds that such prior state court convictions are admissible to prove predicate acts of racketeering on the part of Educational Books in this federal RICO action.

That Congress intended to permit such evidence is strongly implied by the structure, terms and purpose of RICO as well as the decisions of several federal courts. RICO defines racketeering activity as any act or threat involving, *inter alia*, "dealing in obscene matter ... which is chargeable under state law and punishable by imprisonment for more than one year." 18 U.S.C. § 1961(1)(A). RICO makes clear that certain violations of state law can be predicate offenses under federal RICO. The issue thus becomes whether a state court conviction can be introduced as evidence of racketeering activity or whether the acts underlying the state conviction must be relitigated in a federal RICO suit.

While there is no controlling authority, a number of decisions support the Court's holding that a prior state court conviction is admissible to prove a predicate act of racketeering activity necessary to establish a RICO violation. In *United States v. Erwin*, 793 F.2d 656 (5th Cir.1986), the defendant's prior federal conviction for counterfeiting was admitted to prove one of the requisite two predicate offenses for RICO. "In a subsequent trial for RICO, the government may count, as a predicate offense, a defendant's prior conviction for an offense falling within the definition of 'racketeering activity.'" *Id.* at 670 (citing *United States v. Black*, 759 F.2d 71, 72–73 (D.C.Cir.1985)). Similarly, *United States v. Persico*, 621 F.Supp. 842 (S.D.N.Y.1985), held that defendants' guilty pleas and subsequent convictions in another federal proceeding were admissible as evidence to establish a predicate act under RICO. The *Persico* court stated that Congress, in enacting RICO, "contemplated the admission

of prior convictions, obtained pursuant to plea agreements, to establish a predicate act." *Id.* at 871 (citations omitted).

Prior convictions in a state court proceeding are also admissible to establish a predicate act under federal RICO. *United States v. Andreadis*, 366 F.2d 423 (2d Cir. 1966), held that defendant's plea in state court to a charge of false advertising was admissible in a later federal prosecution for mail fraud arising from advertising. *Id.* at 433. Similarly, in *United States v. Myers*, 49 F.2d 230 (4th Cir.), *cert. denied*, 283 U.S. 866, 51 S.Ct. 657, 75 L.Ed. 1470 (1931), the Fourth Circuit held that a state court guilty plea to a charge of possession of illegal liquor was admissible in a subsequent federal prosecution for unlawfully selling liquor. *Id.* at 231. Neither case involved RICO. Still, there exists no reason why the rationale of *Andreadis* and *Myers* cannot be applied to a federal RICO action. Indeed, the Court in *Persico* cited both *Myers* and *Andreadis* in support of its holding that prior convictions are admissible in a federal RICO action. *Perisco*, 621 F.Supp. at 872.

■ The dual sovereignty rule does not dictate the contrary. While it is true that both sovereigns may not prosecute the same act or acts, this is no reason to refrain from giving preclusive effect to a state conviction in the RICO context. To hold otherwise would ignore settled doctrine giving preclusive effect to convictions, cause a waste of judicial time and resources, and raise the spectre of inconsistent results. But prior convictions are only admissible against the RICO defendant who was the subject of the previous conviction. Prior convictions of one RICO defendant are not admissible against co-defendants in a RICO suit to prove acts of racketeering by those co-defendants. Only the defendant who was previously convicted had an opportunity to confront the accusers and witnesses and litigate the matter before a jury.

2. Under RICO, a "pattern of racketeering activity" requires at least two predicate acts of racketeering. 18 U.S.C. § 1961(5).

Where, as here, the indictment alleges that acts of racketeering were committed by all defendants, and only one defendant was the subject of the prior convictions, then the government must adduce proof of other racketeering acts with respect to those defendants separate and apart from the prior convictions. To protect the co-defendants from any prejudicial spillover effect of the prior convictions, the Court will instruct the jury that it cannot consider the prior convictions as proof of a pattern of racketeering acts against any defendant except the one who was the subject of the conviction. To rule otherwise would infringe upon the other defendants' Sixth Amendment rights.

An appropriate order has been entered.