STAKER v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. May 16, 1925.)

No. 4211.

1. Criminal law ⬡1044 — Motion to quash search warrant held not subject to attack on appeal as unverified and unsupported by sworn testimony.

Motion to quash search warrant and suppress evidence cannot on appeal be attacked, because unverified and unsupported by sworn testimony in behalf of defendant, where such objection was not previously raised, and where facts stated therein were largely corroborated by testimony in opposition.

2. Intoxicating liquors ⬡248 — Affidavit for search warrant held not to show probable cause for belief that dwelling was used as place of unlawful sale.

Prohibition officer's affidavit that he had smelled fumes from still making intoxicating liquor, and had reasonable grounds to believe and did believe that intoxicating liquors were being sold, manufactured, and disposed of, or illegally possessed in house (describing it), held not to state facts constituting probable cause to believe that house was being used for sales of liquor, or any business purpose, so as to authorize warrant to search private dwelling, under National Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m).

3. Intoxicating liquors ⬡249—Search warrant for dwelling used merely for manufacture of liquor unwarranted.

Issuance of search warrant for dwelling house, merely because it is used for unlawful manufacture of liquor, is unauthorized by National Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m).

4. Searches and seizures ⬡3 — Facts justifying issuance of warrant must be shown to exist at time of issue.

Facts justifying issuance of search warrant must be shown by affidavit, and it is not enough that facts subsequently shown would have sufficed.

5. Arrest ⬡71 — Search of dwelling from which mash fumes were emanating held unwarranted, as incidental to lawful arrest for offense committed in officers' presence.

Where prohibition agents detected fumes of cooking mash emanating from basement, search of dwelling was not justified, as incidental to lawful arrest for offense committed in their presence.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

J. H. Staker was convicted of a violation of the National Prohibition Act, and he brings error. Reversed and remanded.

M. J. Hennessey, of Augusta, Ky., for plaintiff in error.

Sawyer A. Smith, U. S. Atty., of Covington, Ky. (John E. Shepard and Rodney G. Bryson, Asst. U. S. Attys., both of Covington, Ky., on the brief), for the United States.

Before DENISON, MACK, and KNAPPEN, Circuit Judges.

MACK, Circuit Judge. The defendant was indicted on two counts in substance as follows:

First. Willfully and unlawfully making and manufacturing certain intoxicating liquors, to wit, whisky, and other intoxicating liquors to the grand jurors unknown, the said making and manufacturing of said in-

toxicating liquor being then and there prohibited and unlawful.

Second. Willfully and unlawfully possessing and having in his possession certain property designed for the unlawful manufacture of intoxicating liquor, intended for use in violation of the Act of October 28, 1919, to wit, a still, worm, still cap, thumping keg, flake stand, piping, furnace, fermenters, process keg, mash rake, mash, pomace, still beer, low wines, malt, corn meal, and other property to the grand jurors unknown; the said possessing and having in possession of said property being then and there prohibited and unlawful.

Upon the return of the indictment the defendant filed a petition to quash the search warrant and to suppress and exclude the testimony obtained thereunder, and a motion to quash the indictment, on the ground that it was based solely upon testimony obtained by illegal search of his dwelling house, in violation of section 25, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½m), which provides:

"No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house. The term 'private dwelling' shall be construed to include the room or rooms used and occupied not transiently but solely as a residence in an apartment house, hotel, or boarding house."

After hearing testimony, the petition and motion were denied; the trial resulted in a conviction.

[1] 1. It is urged by the government that the motion to quash is defective, because it was unverified and supported by no sworn testimony offered on behalf of defendant. Smith v. State of Mississippi, 162 U. S. 593, 16 S. Ct. 900, 40 L. Ed. 1082. But as no objection to the motion appears to have been made on this ground, and as the facts stated therein were largely corroborated by the prohibition officers called to testify in opposition thereto, no advantage can now be taken of the fact that the motion papers were unverified. Neal v. Delaware, 103 U. S. 370, 394, 396, 26 L. Ed. 567.

[2] 2. It appears from the testimony that the prohibition agents, while passing in Maysville, Ky., along the public street or highway and past defendant's house, which was used and occupied by him as his dwelling, detected the odor of cooking mash emanating from the basement, made affidavit before the police judge and secured a warrant to search the dwelling house; in the affidavit it was alleged that the affiant is a general prohibition officer, and that he has smelled the fumes from a still making intoxicating liquors, and that he has reasonable grounds to believe and does believe that intoxicating liquors are being sold, manufactured, disposed of, or illegally possessed in a house, building, and premises owned or controlled by John H. Staker and described and located as follows: 1417 Forest avenue, Maysville, Ky., one-story frame. A 12-gallon still was found in operation in the cellar, and also some moonshine whisky and wine. There was a door leading into the cellar from the outside, but as this was padlocked the cellar could not be entered without going into the house.

The search warrant must be deemed invalid, because there were no allegations of fact in the affidavit upon which it was issued which would tend to show that the dwelling house had ever been used for the unlawful sale of intoxicating liquor, or that any part thereof was used for some business purpose within the meaning of the section of the National Prohibition Act above quoted. Not only were there no allegations of fact in the affidavit, but the affidavit merely alleged that the affiant had reasonable ground to believe and did believe that intoxicating liquors were being sold, manufactured, disposed of, or illegally possessed in the house of the defendant. In view of the use of the disjunctive "or," it did not even contain an unequivocal general allegation or conclusion which would warrant the issuance of the search warrant.

[3] It seems clear that the statute does not authorize the issuance of a search warrant for a dwelling house merely because it is being used for the manufacture of liquor. Jozwich v. U. S. (C. C. A.) 288 F. 831 (C. C. A. 7); Singleton v. U. S. (C. C. A.) 290 F. 130 (C. C. A. 9); Voorhies v. U. S. (C. C. A.) 299 U. S. 275 (C. C. A. 5). Cf. Carroll v. U. S., 45 S. Ct. 280, 69 L. Ed. ——, March 2, 1925. Whether, if the evidence adduced were sufficient to indicate that the magnitude of the manufacture was of such a degree as fairly to necessitate the conclusion that the manufacture was but a step in the sale or marketing of the product, a search warrant could properly issue, we are not called upon to decide, inasmuch as no such evidence was adduced at the time the warrant was secured. It is not enough that facts as subsequently shown would have sufficed for the issuance of a warrant. Such

facts must be alleged as a basis for the issuance of the search warrant to give the latter validity.

[4] Furthermore, although in fact the affidavit was made immediately after the facts were discovered, the affidavit itself is silent as to the time element. So far as the affidavit shows, the officer might have smelled the fumes months before the affidavit was made. See Rupinski v. U. S., 4 F.(2d) 17 (C. C. A. 6), February 4, 1925. The officers had no probable cause to believe from the smell alone that the dwelling house was being used for sales. The situation did not justify a search without a warrant. The policy of the statute goes far to restrict the right of searching a dwelling even with a warrant. Such policy cannot be frittered away by granting a broader right of search without a warrant.

[5] 3. The government attempts to justify the search on the ground that peace officers have the right to arrest and search a person committing a criminal offense in their presence. Leaving aside the question whether prohibition agents are peace officers (see Brady v. U. S., 300 F. 540 [C. C. A. 6]; Agnello v. U. S., 290 F. 671 [C. C. A. 2]), the offender was not in the presence of the officers, and there is no evidence that they had reason to suspect that he was. (Temperani v. U. S., 299 F. 365 [C. C. A. 9]). Moreover, it may be questioned whether, in cases of misdemeanor, a peace officer or a private person has any power of arresting without a warrant, except when a breach of peace has been committed in his presence, or there is reasonable ground for supposing that a breach of peace is about to be committed or renewed in his presence. Wilgus, Arrest without Warrant, 22 Mich. Law Rev. 541, 673, 798, especially 703-709. There is no evidence here of any breach of peace, existing or imminent, which would justify the exercise of powers sanctioned by the common law only in situations of emergency. See Carroll v. U. S., supra. In Agnello v. U. S., supra, McBride v. U. S. (C. C. A.) 284 F. 416 (C. C. A. 5), and Garske v. U. S. (C. C. A.) 1 F.(2d) 620, the search was justified as incidental to a lawful arrest.

For the reasons stated, a majority of the court are of the opinion that the petition to quash the search warrant and to suppress the evidence secured thereby, and the motion to quash the indictment, should have been granted, and that the judgment must be reversed, and the cause remanded.