## UNITED STATES v. COSTANZO et al.

(District Court, W. D. New York. February 8, 1926.)

1. **Criminal law ⬤═394—Searches and seizures ⬤═7—Search of private dwelling without warrant, without arrest, and without grounds is unreasonable, and evidence so obtained is inadmissible.**

Entry and search of a private dwelling without a search warrant, without making an arrest, and without grounds therefor, is unreasonable, and if by federal officers or agents is unlawful, and evidence so obtained is inadmissible in a criminal prosecution.

2. **Criminal law ⬤═394—Intoxicating liquors ⬤═249—Search by police officers under direction of federal prohibition agents, contrary to laws limiting authority of such agents, is unlawful, and evidence obtained should be suppressed (Supplemental Prohibition Act Nov. 23, 1921, § 6 [Comp. St. Supp. 1925, § 10184a]).**

Supplemental Prohibition Act Nov. 23, 1921, § 6 (Comp. St. Supp. 1925, § 10184a), prohibits and penalizes search of a private dwelling without a warrant. *Held*, that search and seizure by police officers under an understanding or agreement with an enforcement officer or agent of the United States, made to evade these provisions, was illegal, and evidence obtained should be suppressed.

Criminal Prosecution by the United States against Samuel Costanzo and Charles Marto. On motion to suppress evidence. Granted.

Samuel M. Fleischman, of Buffalo, N. Y., for the motion.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Percy R. Smith, Asst. U. S.

Atty., of Buffalo, N. Y., of counsel), opposed.

HAZEL, District Judge. [1] There was no offense committed in the presence of the police officers entering the dwelling house of the defendant. They had no search warrant, and defendant was not legally arrested; indeed, no facts and circumstances existed affording reasonable grounds for believing that the accused was violating the National Prohibition Act (Comp. St.. Ann. Supp. 1923, § 10138¼ et seq.). Seizure of articles under the Fourth Amendment to the Constitution that might be evidence of unlawful manufacture or possession of intoxicating liquors was unreasonable, if it is true, as contended by defendant, that the officers making the arrest and seizure were acting under instructions of the local prohibition agent.

The government, however, urges that the search was not instigated by any federal officer. But is this contention supported by the evidence? I think not. Although the Fourth Amendment does not protect citizens against unreasonable searches by the local police, yet, when it is shown that they acted under the supervision or direction of federal agency, or pursuant to an understanding with the prohibition agent that private homes should be entered and searched without due process, and property seized, a different question is presented. In this case the record shows beyond serious question that such an understanding existed. The police officer in charge of the raid swore that he had instructions from his superior officer and from the local prohibition agent to enforce the Prohibition Law and work in connection with the latter; that when seizures were made he customarily telephoned the prohibition agent, and had done so on numerous occasions. Prohibition Agent Bartlett testified, not only that he knew that he would have to have proof of sale of liquor in order to enter a private dwelling, and that he was forbidden to enter a private dwelling without a search warrant, and that he had never done so, except in connection with police officers; but he also testified that he arranged to "get into private houses" in connection with police officers, and that he had made a great many cases in that way. [2] It is difficult to escape the conclusion from this showing, that the federal agent, to avoid section 6 of the act supplemental to the National Prohibition Act (Comp. St. Supp. 1925, § 10184a), which barred him from entering private dwellings without a search warrant on penalty of fine and imprisonment, instigated the police to do what he was forbidden to do. Certainly the officers understood that they were to make entry of defendant's house without a search warrant, and they apparently relied upon the existing understanding to which reference has been made.

The law of the case is controlled by Flagg v. U. S., 233 F. 481, 147 C. C. A. 367, wherein Judge Coxe quoted from the address of Lord Chatham as follows: "The poorest man may in his cottage bid defiance to all the forces of the crown; it may be frail, its roof may shake, the wind may blow through it. The storm may enter; the rain may enter; but the king of England cannot enter. All his forces dare not cross the threshold of the ruined tenement."

And paraphrasing the comments of Judge Coxe in the Flagg Case, it may be repeated that it is of small significance what becomes of the defendant as a result of the raid upon the privacy of his home, compared with the right of the people of the United States to be protected from unlawful search. See, also, In re Schuetze (D. C.) 299 F. 827, wherein this court passed upon a somewhat similar seizure by the police, pursuant to an understanding with the superintendent of police that searches be made without search warrants.

A search of defendant's private dwelling, even with a search warrant, would have been unlawful without evidence of sale. Staker v. U. S. (C. C. A.) 5 F.(2d) 312. And that in consequence of the unlawful raid intoxicating liquor was discovered was insufficient ground for the arrest and search and seizure. The adjudications cited by the government do not apply, since in those cases the court was convinced that the police or peace officers acted upon their own initiative and independently of federal agency. Such, however, as heretofore stated, was not this case.

The search and seizure was illegal, and the motion to suppress the evidence of liquor seized must be granted.