### UNITED STATES v. KASPROWITZ et al.

(District Court, E. D. Michigan, S. D. July 10, 1926.)

No. 11271.

1. **Intoxicating liquors** ⬅248—**Affidavit held sufficient basis for issuance of search warrant (National Prohibition Act, tit. 2, § 25 [Comp. St. Ann. Supp. 1923, § 10138½m]).**

Affidavit *held* to state facts sufficient to form a basis for probable cause to believe that a private dwelling was being used for the unlawful sale of intoxicating liquor and to authorize issuance of a search warrant under National Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m).

2. **Intoxicating liquors** ⬅249—**Search warrant addressed to Commissioner and assistants and agents could be served by prohibition agent (National Prohibition Act, tit. 2, § 25 [Comp. St. Ann. Supp. 1923, § 10138½m]); "assistant;" "agent."**

Where search warrant under National Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), was not only addressed to named prohibition agent, and his deputies, but also to Commissioner of Internal Revenue, his assistants, agents, and inspectors, it could be served by prohibition agent as Commissioner's "assistant" or "agent," though named agent had no deputies.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Agent; Assistant.]

Criminal prosecution by the United States against Victoria Kasprowitz and others. On motion for new trial. Denied.

Delos G. Smith, U. S. Atty., and John A. Baxter, Asst. U. S. Atty., both of Detroit, Mich.

Henry A. Dehrendt, of Detroit, Mich., for defendants.

TUTTLE, District Judge. This is a motion for a new trial. Each of the defendants was convicted by a jury on all three of the counts of an indictment charging them with the manufacture of intoxicating liquor, the possession of intoxicating liquor, and the maintenance of a nuisance, all in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The grounds argued in support of the motion for a new trial are stated in this motion as follows:

(1) "That the court erred in its refusal to grant the motion heretofore filed to suppress evidence obtained by reason of search warrant issued by the Honorable J. Stanley Hurd, United States commissioner, on the 19th day of September 1925, because on its face the affidavit for the search warrant was not sufficient to warrant the commissioner to issue the warrant, and the placing in evidence of the matters seized by reason of this search warrant, was in violation of defendants' constitutional rights."

(2) "That the court erred in its failure to suppress the evidence obtained by reason of the aforesaid search warrant, because no officer to whom the search warrant was addressed served the warrant at the time of the service, and therefore the evidence obtained should have been suppressed."

(3) "There was no testimony tending to sustain the verdict and the said verdict was contrary to law and against the great weight of the evidence."

1. The affidavit on which the search warrant in question was based was, in full, in the following form and language:

"Before me a United States commissioner in and for the Southern Division of the Eastern District of Michigan, in said district and division, personally appeared one Wade A. Frederick, a resident of the county of Wayne, state of Michigan, who, being duly sworn, deposes and says:

"1. That on the 17th day of September, 1925, accompanied by Federal Prohibition Agent Gail C. Britton, deponent visited the premises known as 8643 Traverse street, city of Detroit, county of Wayne, state of Michigan, and while there noticed four different automobiles making frequent trips from the garage in the rear of said premises and at this time the odor of cereal beverage or fermenting beer could be smelled very strongly within six feet of said premises. That on September 18, 1925, accompanied by Gail C. Britton, deponent visited the premises known as 8643 Traverse street, Detroit, Wayne county, Mich., between the hours of 5 a. m. and 9 p. m. and observed four different automobiles make between 20 and 25 trips to the garage in the rear and then back out on the highway. That they saw three men rolling some 15 or 20 beer barrels from the back door of said premises into the garage in the rear; also noted two different cars back through the garage from the alley to the back porch of said premises where they unloaded cans bearing the label 'Malt,' which were taken into the premises. These cars then were backed into the garage and after a short interval again drove out on the highway. That again on September 19, 1925, between the hours of 6 a. m. and 9 a. m. accompanied by Gail C. Britton, visited the above-mentioned premises and while there saw the same four cars make 11 trips in and out of the garage at the rear of said premises and that at that time and all times the odor of cereal beverage or fermenting beer could be smelled very strongly within six feet of said premises. That the building is a two-story, yellow frame residence bearing the number 8643, on Traverse street, Detroit, Wayne county, Mich., of the type commonly used for residential purposes, used for business purposes. That the numbers 8, 6, and 3 are in metallic figures while the number 4 is a black 4 painted in. Deponent further states that he is thoroughly conversant by virtue of his duties with the smell of cereal beverage and fermenting beer and has been for a period of two years during which time he has visited some 50 breweries and made inspection of same and that the odor noticeable on these visits is the same as that which he could smell at the above premises.

"2. That, because of the above facts, he has reasonable cause to believe, and does believe, that the National Prohibition Act is being violated and a fraud upon the United States government is being committed by the use of the aforesaid premises, to wit, a two-story yellow frame residence of the type commonly used for residential purposes, used for business purposes, to wit, manufacture of intoxicating cereal beverage known as beer and storing for sale and distribution of cereal beverage containing more than one-half of 1 per cent. alcohol by volume and fit for beverage purposes, to wit, premises located at 8643 Traverse street, city of Detroit, county of Wayne, state of Michigan, being the private residence above mentioned which is being used for the purpose of manufacturing, sell-

ing, bartering, keeping, furnishing, and possessing intoxicating liquor fit for beverage purposes containing more than one-half of 1 per cent. of alcohol by volume, in violation of title II of the National Prohibition Act, said premises being in the possession, custody, and control of one, to wit, John Doe and certain other persons connected with and assisting in the conduct and management of said place and premises, and residing therein, the names of these last persons being to this affiant unknown, all of which said persons are engaged in the unlawful manufacture, sale, barter, and possession of intoxicating liquors.

"3. Deponent further states upon his own knowledge that in and upon the premises aforesaid, to wit, a two-story yellow frame residence of the type commonly used for residential purposes, used for business purposes, to wit, manufacture of cereal beverage and storing for sale and distribution of cereal beverage containing more than one-half of 1 per cent. of alcohol by volume and fit for beverage purposes, to wit, premises located at 8643 Traverse street, city of Detroit, county of Wayne, state of Michigan, being the private residence above mentioned and particularly in premises above mentioned of the building aforesaid, and in the possession of the said John Doe and other persons to this affiant unknown, is now a certain quantity of intoxicating liquor fit for beverage purposes unlawfully acquired, possessed, stored, and used in connection with the aforesaid violation of the National Prohibition Act, said intoxicating liquor consisting of beer and certain other intoxicating liquors, the exact kind and quantity of the same being at this time to this affiant unknown.

"4. Therefore the complainant prays that a search warrant may issue authorizing the proper officers to search the above-described premises because of the crime heretofore alleged, and pursuant to the statutes in such cases made and provided.

"Wade A. Frederick, Affiant.

"Subscribed and sworn to before me this 19th day of September, 1925. J. Stanley Hurd, United States Commissioner, Eastern District of Michigan."

Section 25 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½m) includes the following provision:

"No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house."

It is urged by the defendant that the affidavit already quoted is fatally insufficient as a basis for a search warrant, because such affidavit fails to show that the "residence" therein mentioned was "in part used for some business purpose" within the meaning of the statutory provision just quoted, and fails also to show probable cause to believe that such residence was "being used for the unlawful sale of intoxicating liquor."

The affidavit and evidence on the trial showed that the building so searched was a "private dwelling occupied as such," and failed to show that such building was used for any "business purpose" within the meaning of the statute; it being settled law that the mere use of such a dwelling for the manufacture or sale of intoxicating liquor does not constitute its use for such "business purpose." Staker v. United States (C. C. A. 6) 5 F.(2d) 312.

[1] While the allegations in the affidavit concerning the use of this dwelling "for the unlawful sale of intoxicating liquor" are not as clear and definite as could be desired, yet, examining and considering all of the recitals of the affidavit together, I am satisfied that they are sufficient to form a basis for probable cause to believe that this dwelling was being used for the unlawful sale of intoxicating liquor and that the manufacture of such liquor there was a step in such sale. Staker v. United States, supra; United States v. Lepper (D. C.) 288 F. 136, affirmed in (C. C. A. 2) 295 F. 1017. The contention of the defendant to the contrary must be overruled.

[2] 2. The claim of the defendant that the search warrant was void because not served by any officer to whom it was addressed, is based upon the argument that "the warrant is specifically directed to George H. Perrine, federal prohibition agent, or his deputies," that said prohibition agent "has no deputies and never has had any," and that therefore the federal prohibition agent who actually served such warrant had no power to do so. Aside from any other consideration, it is sufficient to point out that this search warrant was directed, not only to the "federal prohibition agent" just mentioned and "his deputies," but also to "the Commissioner of Internal Revenue, his assistants, agents, and inspectors." That the prohibition agent who served the warrant was an "Assistant" or "agent" of the Commissioner of Internal Revenue is too plain for discussion. This contention of the defendant cannot be sustained.

3. The argument to the effect that a verdict should have been, and should now be, directed in favor of all or at least some of the defendants, for lack of sufficient evidence of

guilt, has been carefully considered. It would serve no useful purpose to recite or review the evidence in detail. All of it has been examined with care, and it leaves, in my opinion no room to doubt that the verdict was neither without support in the evidence nor against the weight of the evidence.

For the reasons stated, the motion for a new trial must be denied, and an order to that effect will be entered.