## SIMMONS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 21, 1927.)

No. 7479.

1. **Criminal law 1167(1)—Any error in indictment reciting grand jurors were sworn and charged in "District Court of Oklahoma" held not prejudicial; indictment clearly showing that federal District Court was meant (Comp. St. § 1691).**

Indictment captioned: "United States of America, Northern District of Oklahoma. * * * In the District Court of the United States in and for the Northern District of Oklahoma"—reciting that "the grand jurors of the United States of America, duly impaneled, sworn, and charged in the District Court of Oklahoma to inquire into and due presentment make of all offenses against the laws of the United States of America," held not insufficient, under Rev. St. § 1025 (Comp. St. § 1691), because of words "District Court of Oklahoma," instead of "District Court of the United States" any error therein being merely clerical, and not prejudicial to defendant.

2. **Searches and seizures 7(26)—Guaranty against unreasonable searches and seizures is personal privilege to be claimed by parties subject thereto (Const. Amend. 4).**

Guaranty of Fourth Amendment to Constitution against unreasonable searches and seizures is a personal right or privilege, to be claimed by parties subject to alleged unreasonable search.

3. **Criminal law 394—Motion to suppress evidence secured by search of defendant's home, and objections to its introduction, held sufficient to show claim of privilege (Const. Amend. 4).**

Motion to suppress evidence, referring particularly to evidence submitted to grand jury, as being secured by unlawful search of defendant's home, and praying that indictment be quashed and the evidence obtained by such search suppressed, together with objections to introduction of such evidence, held sufficient to show claim of privilege against unreasonable searches and seizures within Const. Amend. 4.

4. **Intoxicating liquors 248—Evidence of probable cause for issuance of search warrant by state court, under which evidence in federal prosecution was obtained, must meet requirements of federal law (National Prohibition Act, tit. 2, § 25 [Comp. St. § 10138½m]; Espionage Act, tit. 11, §§ 3–5 [Comp. St. §§ 10496¼c–10496¼e]).**

Evidence of probable cause for issuance of search warrant, by state court under which evidence introduced in prosecution in federal court for possession of whisky in violation of National Prohibition Act, tit. 2, § 25 (Comp. St. § 10138½m), was secured, must meet requirements of federal law (Espionage Act, tit. 11, §§ 3–5 [Comp. St. §§ 10496¼c–10496¼e]).

5. **Searches and seizures 7(7)—Affidavit supporting search warrant must affirm facts by one having personal knowledge, and not merely beliefs or suspicions (Const. Amend. 4; Espionage Act, tit. 11, §§ 3–5 [Comp. St. §§ 10496¼c–10496¼e]).**

Under Const. Amend. 4, and Espionage Act, tit. 11, §§ 3–5 (Comp. St. §§ 10496¼c–10496¼e), affidavit supporting search warrant must affirm facts by one having personal knowledge, and not merely express beliefs or suspicions, and, though it is not necessary that evidence submitted be sufficient to convict, it must be such as would be admissible before a jury.

**6. Intoxicating liquors ⟷249—Private residence cannot be searched under warrant, unless used for sale of intoxicating liquor, or in part used for business purpose (National Prohibition Act, tit. 2, § 25 [Comp. St. § 10138½m]).**

Under National Prohibition Act, tit. 2, § 25 (Comp. St. § 10138½m), a private dwelling, occupied as such, and commonly known as a home or residence, cannot be searched under a warrant, unless it is being used for the sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, or hotel, and probable cause for issuance of such warrant must be based on evidence of sales.

**7. Intoxicating liquors ⟷249—Searches and seizures ⟷7(7)—Search warrant issued by state court, reciting affiant's belief that liquor was sold in dwelling, held insufficient basis for federal search and seizure (Const. Amend. 4; National Prohibition Act, tit. 2, § 25 [Comp. St. § 10138½m]; Espionage Act, tit. 11, §§ 3–5 [Comp. St. §§ 10496¼c–10496¼e]).**

Search warrant issued by state court, reciting that it was based on affidavit of federal officer that he believed intoxicating liquors were kept for sale in a described dwelling house, that place is one where people congregate for purpose of buying and selling intoxicating liquors, and where they congregate seemingly sober and leave under influence of liquor, *held* insufficient, under Const. Amend. 4, National Prohibition Act, tit. 2, § 25. (Comp. St. § 10138½m), and Espionage Act, tit. 11, §§ 3–5 (Comp. St. §§ 10496¼c–10496¼e), to afford basis for a federal search and seizure.

**8. Criminal law ⟷394—Evidence held sufficient to show place searched for intoxicating liquors was private dwelling of accused (National Prohibition Act, tit. 2, § 25 [Comp. St. § 10138½m]).**

Evidence *held* sufficient to show that place searched for intoxicating liquors under warrant issued by state court was private dwelling of accused within National Prohibition Act, tit. 2, § 25 (Comp. St. § 10138½m), notwithstanding warrant referred to premises as house owned by one H., and that it was occupied as a "joint" by accused.

In Error to the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Horace Simmons was convicted of unlawful possession of corn whisky, and he brings error. Reversed and remanded.

John T. Harley, of Tulsa, Okl. (J. Hugh Nolen, of Okemah, Okl., on the brief), for plaintiff in error.

John M. Goldesberry, U. S. Atty., of Tulsa, Okl. (W. B. Blair, Asst. U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Before LEWIS and KENYON, Circuit Judges, and TRIEBER, District Judge.

KENYON, Circuit Judge. Plaintiff in error was convicted in the District Court of the United States for the Northern District of Oklahoma, for wrongfully and unlawfully having in his possession two gallons of corn whisky. Prior to the trial plaintiff in error filed a motion to quash the indictment and to suppress evidence illegally obtained, claiming that the evidence submitted to the grand jury was obtained by federal officers and persons acting with them in the search of defendant's home under the authority of a search warrant issued by the county court of Okfuskee county, Oklahoma, upon the authority of a "certain affidavit made by said federal officer upon information and belief." It was asserted in said motion that the affidavit did not state facts sufficient, or any facts, upon which to base probable cause for the issuance of said search warrant, and that the same was void, and it was asked that said indictment be quashed and the evidence obtained upon the search suppressed. The motion to quash the indictment and to suppress the evidence was overruled.

Plaintiff in error presents two questions, viz.: (1) That the trial court was without jurisdiction to try said cause, for the reason that the indictment shows upon its face that it was presented by a grand jury empaneled, sworn and charged in the District Court of Oklahoma; (2) that the evidence, viz. the intoxicating liquor alleged to have been unlawfully possessed was obtained by a search of defendant's home under pretended authority of an invalid search warrant, and that the motion to suppress such evidence should have been sustained and a verdict of not guilty directed.

[1] The first question presented is rather trivial. A mere reference to the indictment shows that it is captioned: "United States of America, Northern District of Oklahoma—ss. No. 742. In the District Court of the United States in and for the Northern District of Oklahoma, at the Regular January, A. D. 1926, Term Thereof, Sitting at Tulsa, Oklahoma." The indictment further states: "The grand jurors of the United States of America duly impaneled, sworn, and charged in the District Court of Oklahoma, to inquire into and due presentment make of all offenses against the laws of the United States of America." It is perfectly apparent, considering the entire indictment, that the "District Court," as there used, means the District Court of the United States, and not the District Court of Oklahoma. If error at all, it was a mere clerical error in not inserting

"United States" instead of "Oklahoma," but unquestionably plaintiff in error was in no wise prejudiced thereby. He had no difficulty in understanding from the entire indictment that it was one in the United States District Court for the Northern District of Oklahoma. It was so indorsed by the foreman of the grand jury, and so filed by the clerk of the United States District Court.

Title 13, c. 18, § 1025, of the United States Revised Statutes (Comp. St. § 1691), reads as follows: "No indictment found and presented by a grand jury in any district [or circuit] or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant." The question does not merit the consideration which we have here given it.

The second proposition urged by plaintiff in error is of importance. The search of the residence of a person is a serious matter, and the proceedings therefor must strictly conform with law, and not violate the Constitution of the United States. The government insists that the question was not properly or in good faith raised; that plaintiff in error introduced no evidence that he claimed the place searched as his private dwelling.

[2, 3] The guaranty of the Fourth Amendment to the Constitution is a personal right or privilege, to be claimed by the party subject to the alleged unreasonable search, as pointed out by this court in Graham v. United States, 15 F.(2d) 740 (opinion filed October 30, 1926). The motion here to suppress the evidence refers particularly to that submitted to the grand jury, but the motion does insist that the evidence was secured by a search of defendant's home, and closes with the prayer that the "indictment be quashed and the evidence obtained upon such search be suppressed." There were objections made raising the question at the time of the introduction of the evidence obtained in the search. We think, while the question is perhaps not as precisely and directly raised as it should be, that nevertheless the record shows a claim of the privilege by plaintiff in error's counsel.

[4] The crucial question here is the nature of the evidence to show probable cause for the issuance of the search warrant. While it was issued by state authority, it must meet the requirements of federal law. Singleton v. United States (C. C. A.) 290 F. 130. Section 25, tit. 2, of the National Prohibition Act (U. S.

Comp. Stat. of 1916, Anno. 1923 Supp. vol. 4, § 10138½m), is as follows:

"It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title or which has been so used, and no property rights shall exist in any such liquor or property. A search warrant may issue as provided in title XI of public law numbered 24 of the Sixty-Fifth Congress, approved June 15, 1917, and such liquor, the containers thereof, and such property so seized shall be subject to such disposition as the court may make thereof. If it is found that such liquor or property was so unlawfully held or possessed, or had been so unlawfully used, the liquor, and all property designed for the unlawful manufacture of liquor shall be destroyed, unless the court shall otherwise order. No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house. The term 'private dwelling' shall be construed to include the room or rooms used and occupied not transiently but solely as a residence in an apartment house, hotel, or boarding house. The property seized on any such warrant shall not be taken from the officer seizing the same on any writ of replevin or other like process." 41 Stat. 315.

Title 11 of the Act of June 15, 1917, commonly known as the Espionage Act (40 Stat. 228), provides:

"Sec. 3. A search warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person and particularly describing the property and the place to be searched.

"Sec. 4. The judge or commissioner must, before issuing the warrant, examine on oath the complainant and any witness he may produce, and require their affidavits or take their depositions in writing and cause them to be subscribed by the parties making them.

"Sec. 5. The affidavits or depositions must set forth the facts tending to establish the grounds of the application or probable cause for believing that they exist." Comp. St. §§ 10496¼c–10496¼e.

The statutes with relation to the issuance of search warrants must be read in the light of Amendment 4 of the Constitution: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be

violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Probably no question in our jurisprudence has received more attention in the courts than the scope and effect of the Fourth Amendment to the Constitution. It would be a work of superrogation to review even a part of the cases. Some rather recent cases in this court where the subject is dealt with are Garske v. United States (C. C. A.) 1 F.(2d) 620; Peru v. United States (C. C. A.) 4 F.(2d) 881; Wagner v. United States (C. C. A.) 8 F.(2d) 581; Brock v. United States (C. C. A.) 12 F.(2d) 370.

[5] It is well established by the authorities that the affidavit for a search warrant must affirm facts, and not merely express beliefs or suspicions, and that these facts must be made by one having personal knowledge. A mere belief of the affiant is not sufficient basis for the warrant. It is not necessary that the evidence submitted be sufficient to convict, yet it must be such as would be admissible before a jury. On these various propositions see Ripper v. United States (C. C. A.) 178 F. 24; Flagg v. United States (C. C. A.) 233 F. 481; Veeder v. United States (C. C. A.) 252 F. 414; United States v. Ray & Schultz (D. C.) 275 F. 1004; Queck v. Hawker (D. C.) 282 F. 942; Giles v. United States (C. C. A.) 284 F. 208; United States v. Kaplan (D. C.) 286 F. 963; Wagner v. United States (C. C. A.) 8 F.(2d) 581; Boyd v. United States, 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; Gouled v. United States, 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647; Agnello et al. v. United States, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145; Byars v. United States, 47 S. Ct. 248, 71 L. Ed. ——, opinion filed January 3, 1927; McGuire v. United States, 47 S. Ct. 259, 71 L. Ed. ——, opinion filed January 3, 1927.

[6] For the search of private dwellings under the National Prohibitory Law additional safeguards and limitations have been imposed upon the issuance of search warrants. Under section 25 thereof a private dwelling occupied as such and commonly known as a home or residence cannot be searched under a warrant, unless it is being used for the *sale* of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, hotel, etc. The probable cause for the issuance of such warrant must be based on evidence of sales. Schencks v. United States, 55 App. D. C. 84, 2 F.(2d) 185; Staker v. United States (C. C. A.) 5 F.(2d) 312; Kohler v. United States (C. C. A.) 9 F.(2d)

23; Henderson v. United States (C. C. A.) 12 F.(2d) 528; United States v. Costanzo et al. (D. C.) 13 F.(2d) 259. Further, Congress has made it a criminal offense for law enforcement officers of the government to search a private dwelling house so occupied without a warrant therefor.

[7] With these principles in mind we turn to the record in this case. The affidavit upon which the search warrant was issued is not before us. Attempts were made in the trial of the case to show there was other evidence than the affidavit of Mr. Coats upon which the county judge issuing the warrant based his conclusion as to probable cause. We have examined the record closely and we think the claim is not sustained thereby. Certainly it does not show any other oath or affirmation except that of Coats. The search warrant recites:

"Proof by affidavit having this day been made before me, by H. C. Coats that he believes intoxicating liquors are kept for the purpose of sale in the eight or nine room house on Sec. 22, Tp. 7 N., range 12 east, in Okfuskee county, Oklahoma, owned by Ed Holmer and occupied as a joint by Harris Simmons, said house being south and east of Paden on the right side of the road. That said affidavit shows that the place is a place where people congregate for the purpose of buying and selling intoxicating liquors, and is a place where people congregate seemingly sober and leave under the influence of intoxicating liquors."

This warrant shows on its face that the proof upon which the said state judge based the finding of probable cause is the affidavit of Mr. Coats, and that such affidavit goes only to the extent of showing that Coats *believed* intoxicating liquors were kept for sale in a certain house. It does state that the affidavit shows the place is one where people congregated for the purpose of buying and selling intoxicating liquors and where people congregated sober and left under the influence of intoxicating liquor. This is based on affiant's belief and there is nothing in the affidavit, as judged by the terms of the search warrant, to show actual sales, or that Coats had any personal knowledge of sales. It does not even show that he had information, but states his mere belief, and this is totally insufficient. The case of Hurley v. United States (C. C. A.) 300 F. 75, referred to by the government as sustaining its position, where the affidavit was held sufficient, is entirely different in its facts from the case at bar. There facts were stated in the affidavit of the police officer, as

distinguished from beliefs. It is no authority whatever for the claim of the government as to this search warrant.

[8] The government contends the record does not disclose that the place searched was the private dwelling of plaintiff in error, and that plaintiff in error introduced no evidence to sustain such claim. We think the evidence does show that the premises were occupied as a home or private dwelling by plaintiff in error and his wife. The following occurred in the examination by the assistant district attorney of government's witness, Swan, who was constable and deputy sheriff and co-operated in the search of the premises:

"Q. On that date were you acquainted with the defendants in this case? A. No, sir; I was not.

"Q. Do you know where they resided on that date? A. Yes, sir.

"Q. Were you at their home or residence? A. Yes, sir.

"Q. Tell the court and jury what you found there, if anything, in the way of intoxicating liquor? * * *

"Q. The court says you may answer? A. We went to the house and found two gallons of whisky in a keg; I forget how big the keg was.

"Q. Was the defendants or either of them at home? A. No, sir.

"J. Did you have a search warrant for that place, Mr. Swan? A. Mr. Coats had one; I didn't have one. * * *

"Q. Mr. Swan, you say you went to the home of Horace Simmons and Gertrude Simmons on the day this raid was made? A. Yes, sir.

"Q. That was their private residence? A. Yes, sir.

"Q. You entered that residence did you not? A. Yes, sir."

Mr. Coats, a deputy United States marshal, who assisted in making the search, testified as follows:

"Q. Your name is H. C. Coats? A. Yes, sir.

"Q. Mr. Coats, on October 6, 1925, were you a United States deputy marshal? A. Yes, sir.

"Q. Were you working out of the Northern district? A. Yes, sir.

"Q. Did you as such officer make a search of the premises of the home of Horace Simmons and Gertrude Simmons? A. Yes, sir.

"Q. You obtained a search warrant, did you not, before you made a search of the place? A. Yes, sir."

The fact that the search warrant refers to the premises as owned by one Ed Holmer, and "that it was occupied as a joint" by plaintiff in error, in no way negatives the evidence that it was occupied by him as a home. Some homes are more pretentious than others, and what some might call a "joint," as this search warrant designates the property, may be to others a home, and, if so, is protected by the Fourth Amendment to the Constitution, the same as the palace of the more fortunate. The indictment in referring to the place where the liquor was possessed states: "At and within a certain place located in the residence in the southeast part of Paden, Okfuskee county, state of Oklahoma."

There is no question involved here of the crime having been committed in an officer's presence, but the government's case rests solely upon the validity of the search warrant, as all the evidence used was obtained thereby. We are satisfied the search warrant in question was not based upon an affidavit or sworn deposition showing sufficient facts as a basis of probable cause for the search of the private dwelling occupied by defendant. Therefore it was insufficient to legally accomplish such purpose, and the evidence secured thereby, proper objection being made, was wrongfully used in the trial of the case. The judgment is reversed, and the case is remanded for further proceedings in harmony with this opinion.

Reversed and remanded.