970

## UNITED STATES v. WALSH.

### No. 26591.

District Court, E. D. New York.

May 8, 1930.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Leonard Greenstone, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Robert N. Gilmore, of Brooklyn, N. Y., for defendant.

BYERS, District Judge.

This is a motion for an order precluding the United States attorney from using as evidence certain intoxicating liquors seized by a police officer who entered the dwelling of defendant without a search warrant, on January 4, 1930.

The affidavit of the officer relates that he entered the premises by reason of the receipt of police complaint that the house was being used for the purpose of prostitution and the sale of liquor, and that the basement of said dwelling was being used as a speak-easy.

As to the first ground of complaint stated, if there was a violation of law for which the defendant was responsible, a statute of the state of New York was involved, and the presence of the officer in the premises in connection therewith may not be the subject of inquiry in the consideration of this motion.

The affidavit of the officer alleges that he observed the defendant in the basement of said premises serving two men with whisky, which was poured from a pint bottle into two small glasses, and he observed that the defendant received therefor the sum of $1, and the affidavit continues: "That upon observing this, deponent entered the premises and placed defendant under arrest, at which time the defendant admitted that he was runing the place and asked your deponent why he did not make an arrest down the street. Defendant at that time broke a gallon jug containing whiskey."

The affidavit further recites: "That deponent did not forcibly break into or enter the said premises without probable cause, but on the contrary, had probable cause to enter the said premises after seeing the violation of law hereinbefore referred to; beside, he having a complaint of prostitution against said premises, which was his duty to investigate, and he had to therefore enter the premises for the purpose of same."

The statement of the officer made before the Commissioner is as follows: "On the 4th day of January, 1930, at about the hour of 5:25 P. M., I went to the premises 192 Jay Street. The premises are a two story and basement frame building. I went there on a police complaint. I stayed outside the door. Through an open window I observed the defendant serve two unknown men sitting at a table two drinks of an amber colored fluid, which he poured from a pint bottle into two small glasses. * * * *"

The affidavit of the officer, which was verified on April 16, 1930, does not set forth any facts which tend to disprove that the premises in question constituted the dwelling house of the defendant. If it be the fact that the defendant rented rooms to lodgers, which seems to be assumed in all affidavits and briefs which have been submitted, the apartment occupied by the defendant did not lose its character as a private dwelling of the defendant, and, if it was the desire of the police officer to enter the premises and make a search and seizure, he should have complied with the easy requirement of obtaining a search warrant. Some of the authorities on the subject are as follows: U. S. v. Costanzo et al. (D. C.) 13 F.(2d) 259; U. S. v. A Quantity of Intoxicating Liquors (D. C.) 289 F. 278; Connelly v. U. S. (D. C.) 275 F. 509.

The brief filed by the government in opposition to the motion cites the case of Agnello v. U. S. (C. C. A.) 290 F. 671. Perhaps this would not have been done, if the same case, as decided by the Supreme Court

and reported in 269 U. S. at page 20, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409, had been consulted.

The motion will be granted. Settle order on two days' notice.